# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1200

## SUCCESSION OF THELMA CUMMINGS GUILBEAU

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-P-5457-A
HONORABLE, JAMES PAUL DOHERTY, JR., DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and David E. Chatelain*, Judges.

**APPEAL DISMISSED ON RULE TO SHOW CAUSE. MOTION TO DISMISS APPEAL FILED BY CO-TRUSTEES OF THE JAMES H. GUILBEAU CHARITABLE TRUST DENIED.**

**Lester Joseph Zaunbrecher**
**Paul Daniel Gibson**
**Amy E. Bringing**
**Gibson, Gruenert & Zaunbrecher**
**Post Office Box 3663**
**Lafayette, LA 70502-3663**
**(337) 233-9600**
**COUNSEL FOR APPELLEE:**
    **University of Louisiana at Lafayette Foundation**

**Harry Joseph Philips, Jr.**
**Taylor, Porter, et al.**
**451 Florida St., 8th Floor**
**Baton Rouge, LA 70801**
**(225) 387-3221**
**COUNSEL FOR APPELLEE:**
    **Special Counsel of Succession of Thelma Cummings Guilbeau**

_____
*Judge David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Richard Lee Becker**
**Jeremy A. Hebert**
**Becker and Associates**
**910 Harding St.**
**Lafayette, LA 70503**
**(337) 233-1987**
**COUNSEL FOR APPELLANT:**
        **Sunset Bancorp, Inc.**


**Armand J. Brinkhaus**
**Olivier and Brinkhaus**
**Post Office Drawer E**
**Sunset, LA 70584**
**(337) 662-5242**
**COUNSEL FOR APPELLEE:**
        **Elsie Caillouet**


**Jimmy L. Dauzat**
**Dauzat, Falgoust, Caviness**
**505 S. Court Street**
**Opelousas, LA 70570**
**(337) 942-5811**
**COUNSEL FOR APPELLEE:**
        **Special Counsel of Succession of Thelma Cummings Guilbeau**


**Marc W. Judice**
**Francine A. Elliot**
**Judice & Adley**
**Post Office Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR APPELLEES:**
        **June Visser**
        **Dr. Lewis C. Cummings**
        **George Cummings**


**Michael Sean Walsh**
**Lee & Walsh**
**257 Maximilian St.**
**Baton Rouge, LA 70802**
**(225) 344-0474**
**COUNSEL FOR APPELLEES:**
        **Darryl and Kalina Cormier**

Lawrence Lee Lewis, III
Onebane Law Firm
Post Office Box 3507
Lafayette, LA 70502-3507
(337) 237-2660
COUNSEL FOR APPELLANTS:
     Lynette Elliot
     P. Andy Dakin
     Caroline D. Bonin
     Employee Stock Ownership Trust (ESOP)


Leslie J. Schiff
Schiff Law Corp.
Post Office Box 10
Opelousas, LA 70571-0010
(337) 942-9771
COUNSEL FOR APPELLEE:
     University of Louisiana at Lafayette Foundation


Carl M. Duhon
Attorney at Law
Post Office Box 52566
Lafayette, LA 70505
(337) 237-9868
COUNSEL FOR APPELLEE:
     Special Counsel of Succession of Thelma Cummings Guilbeau


Shelton Dennis Blunt
Phelps, Dunbar
Post Office Box 4412
Baton Rouge, LA 70821-4412
(225) 346-0285
COUNSEL FOR APPELLEE:
     Karl Brent Vidrine


Brad Jeffrey Axelrod
McGlinchey, Stafford, PLLC
301 Main St., 14th Floor
Baton Rouge, LA 70825
(225) 383-9000
COUNSEL FOR APPELLEE:
     Co-Trustees of the James H. Guilbeau, Jr., Charitable Trust

PAINTER, Judge.

On October 5, 2010, this court, *sua sponte*, issued a rule for the appellants to show cause, by brief only, why the instant appeal should not be dismissed as having been taken from a partial, final judgment not designated immediately appealable with express reasons pursuant to La.Code Civ.P. art. 1915(B), citing *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So2d 1113. On October 8, 2010, the co-trustees of the James H. Guilbeau Charitable Trust (James H. Guilbeau Trust) filed a Motion to Dismiss Appeal asserting that the appellants' appeal should be dismissed for failure to post the suspensive appeal bond timely, or, alternatively, that this court should dismiss the suspensive appeal and maintain the appeal as devolutive. For the reasons discussed below, we dismiss this appeal as having been taken from a non-appealable, interlocutory order, thereby rendering moot the Motion to Dismiss Appeal filed by the James H. Guilbeau Trust.

In the course of litigating this succession matter, an issue arose as to the valuation of certain Sunset Bancorp, Inc., stock. The trial court conducted a hearing on the issue and rendered a written judgment on July 12, 2010. On August 23, 2010, the appellants, Sunset Bancorp, Inc., and P. Andy Dakin, Caroline D. Bonin, and Lynette Elliot, trustees of the Sunset Bancorp, Inc., Employee Stock Ownership Trust, filed their Petition/Motion and Order for Suspensive Appeal with Request for Setting of Bond for Suspensive Appeal. The appeal record was lodged in this court, and this court issued its rule for the appellants to show cause why the appeal should not be dismissed. Further, as discussed above, the James H. Guilbeau Trust filed their motion seeking a complete dismissal of the appeal as untimely perfected or, alternatively, seeking dismissal of the suspensive appeal, with this court maintaining the appeal as devolutive only.

1

The appellants filed a brief responding to this court's rule to show cause. Although no party disputes that other matters remain to be decided, the appellants argued that this court should not dismiss this appeal. First, they argued that since the judgment adjudicates the fair market value of the stock, this court should find that the judgment is final. Alternatively, the appellants argue that if the judgment was required to be designated as immediately appealable, the trial court had, in effect, designated the judgment appealable by signing the order of appeal. Consequently, the appellants ask that this court find that the factors are present which support a designation of appealability from this judgment pursuant to *R.J. Messinger*.

As to the appellants' first argument in support of permitting this appeal, a review of the record reveals that the judgment appealed is a partial judgment that falls under the provisions of La.Code Civ.P. art. 1915(B). After adjudicating the valuation of the shares of stock and other matters related to the stock, the judgment concludes, "**IT IS FURTHER ORDERED** that the Alternative Motion to Distribute Stock to the Charitable Trust filed by the Trustees of the James H. Guilbeau Charitable Trust and the University of Louisiana at Lafayette Foundation is set for hearing on September 17, 2010, at 9:00 a.m." Moreover, even appellants recognize that this judgment was only another step in the litigation of this succession. Therefore, this court finds no basis for holding that the appealed judgment is appealable without designation pursuant to any subparagraph of La.Code Civ.P. art. 1915(A). Accordingly, we hold that this judgment cannot be appealed without first being designated as appealable with express reasons.

As stated above, the appellants advance the alternative argument that this court should hold that the trial court designated the judgment as appealable by signing the order of appeal. Several Louisiana courts of appeal have held that this argument is

2

without merit. *See for instance Pitts v. Fitzgerald*, 2001-543 (La.App. 1 Cir. 5/10/02), 818 So.2d 847, *and Deal v. Housing Authority of New Orleans*, 1998-1530 (La.App. 4 Cir. 2/17/99), 735 So.2d 685. Likewise, we find that the signing of the order of appeal in this case did not constitute a proper designation of this judgment as immediately appealable.

Finally, the appellants make the argument that this court should find that the judgment appealed meets the criteria of appealability set forth in *R.J. Messinger*, 894 So2d 1113. However, unlike the instant case, in *R.J. Messinger* the trial court had designated the partial judgment as final and appealable; the trial court, however, had failed to provide express reasons why the designation was appropriate. Thus, the court specifically stated, "The limited and narrow issue before us is what constitutes an express determination by the court." *Id.* at 1117. It was in that context, then, that the supreme court wrote:

> In order to assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. However, if the trial court fails to do so, we find the appellate court cannot summarily dismiss the appeal. For purposes of judicial efficiency and economy, we approve the approach taken by the First, Third and Fifth circuits, and hold the proper standard of review for an order designating a judgment as final for appeal purposes when accompanied by explicit reasons is whether the trial court abused its discretion. If no reasons are given but some justification is apparent from the record, the appellate court should make a *de novo* determination of whether the certification was proper. Of course, if after examination of the record the propriety of the certification is not apparent, the court of appeal may request a *per curiam* from the trial judge. Alternatively, the court of appeal could issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed for failure to comply with La.Code Civ. P. art.1915, when the propriety of the certification is not apparent and the trial court has failed to give reasons for its certification.

*Id.* at 1122. Since we find that the appealed judgment is not appealable without a designation and without express reasons for the designation, we dismiss this appeal

3

at appellants' cost.

Having ordered the complete dismissal of the appellants' appeal, we find that the Motion to Dismiss Appeal filed by the James H. Guilbeau Trust has been rendered moot.

APPEAL DISMISSED ON RULE TO SHOW CAUSE.
MOTION TO DISMISS APPEAL FILED BY CO-TRUSTEES OF THE JAMES H. GUILBEAU CHARITABLE TRUST DENIED.