HIGGINBOTHAM, J.
|aThe merits of this appeal in these consolidated cases relate to the interpretation of an oil royalty payment clause in an oil and gas lease. After rendering a partial summary judgment interpreting the clause, the district court signed an order of appeal and simultaneously issued a per curiam explaining why the district court declined to certify the judgment as final for purposes of an immediate appeal. After the record was lodged in this court, we issued, ex proprio motu, a rule for the parties to show cause by briefs why the instant appeal should not be dismissed as having been taken from a partial summary judgment without the proper designation of finality as required by La. C.C.P. art. 1915(B). For the following reasons, we do not reach the merits of the appeal, because we find that this court lacks appellate jurisdiction to review the partial summary judgment.
RELEVANT PROCEDURAL HISTORY
This litigation commenced as a concur-sus proceeding twenty-seven years ago, on August 24, 1984. Texas Gas Exploration Corporation (“Texas Gas”) named La-fourche Realty Company (“Lafourche Realty”) and the State Mineral Board of the State of Louisiana (“the State”) as defendants. The concursus proceeding involved multiple oil, gas, and mineral leases dating back to 1974, and the disputed ownership of land units in the Lake Enfermer Field (“the field”) in Lafourche Parish, Louisiana. A total of fourteen different lawsuits have been filed over the years since the litigation began. Some of the • lawsuits concerned the State and Lafourche Realty, but some involved other landowners. All fourteen lawsuits were eventually transferred and consolidated for trial; however, only four of the consolidated cases are at issue at this time (hereafter referred to as “the consolidated cases”).[1] By 1994, the ownership disputes were resolved in favor of Lafourche Realty, and the record reflects that some of the lawsuits were dismissed. _|jAdding to the complexity of the procedural history, Texas Gas merged and changed the company’s name four times, eventually becoming Energen Resources Corporation (“Energen”).
As the successor-in-interest lessee, En-ergen was the designated operator for oil production under the Lafourche Realty leases, and was the appropriate party to pay and otherwise account for the royalties attributable to the leases for oil production from the field.[2] In April 1996, Lafourche Realty filed first supplemental reconven-tional demands in three of the cases and instituted suit against successor-in-interest, Energen, in the consolidated cases. Lafourche Realty sets forth virtually the same allegations in all of its demands, seeking the right to additional economic benefits allegedly obtained by the lessee, Energen, from the marketing of the oil subject to the royalty interest. Lafourche Realty also named nine additional defendants-in-reconvention in each case, alleging that all of the defendants were lessees or working interest owners under one or more of the leases.
*1057 Lafourche Realty alleged that the lessees had an obligation to fulfill their obligations in good faith and to properly account for and pay royalties upon all of the economic benefits derived from the leases. Lafourche Realty further alleged that it had not been paid all of the royalties due and owing to it under the leases and pursuant to the mineral code, because of a marketing scheme whereby Energen had allegedly delivered crude oil produced from the field to a transporter company that then transported the oil from the field and redelivered it to Energen or Ener-gen’s designee. Lafourche Realty alleges that, at that point, the crude oil was refined for the sole economic benefit of En-ergen or sold by Energen to third parties, resulting in a greater economic benefit to Energen than the total price paid by the transporter in the field, which was the price upon which the oil royalties |5were calculated and paid to Lafourche Realty. Lafourche Realty further averred that En-ergen’s failure to pay royalties on the greater economic benefit through the marketing schemes was willful, without reasonable cause, and/or fraudulent, all in violation of the terms of the leases, La. R.S. 31:122 of the mineral code, and the laws of Louisiana.
Lafourche Realty requested that the district court find all of the defendants in default of their obligations to pay royalties and in breach of their obligations to operate the leased properties for the mutual benefit of the lessees and Lafourche Realty. Lafourche Realty further requested that the district court order the defendants to render a full and complete accounting of the amount of oil produced, pay royalties calculated on the basis of all of the economic benefits attributed to the leases, pay damages plus attorney’s fees and costs, and order cancellation and rescission of the leases.
On May 27, 2010, fourteen years after Lafourche Realty asserted its claims regarding fraud and underpayment of royalties against Energen and the other co-defendants, Energen filed a motion for summary judgment, claiming that La-fourche Realty was precluded as a matter of law from the relief it sought in the litigation. Energen relied on the specific clause in the mineral leases that addressed the payment of oil royalties: “Lessee [En-ergen] may sell Lessor’s [Lafourche Realty’s] oil at the best market price obtainable and pay Lessor [Lafourche Realty] the price received f.o.b. the leased property.”
In Energen’s memorandum in support of its motion for summary judgment, En-ergen stated that it was “seeking dismissal of all claims by Lafourche Realty ... against Energen,” because Lafourche Realty’s claims contradicted the plain and unambiguous language of the leases. En-ergen maintained that “[s]ummary judgment is appropriate to ‘a particular issue’ or ‘theory of recovery,’ [pursuant to La. C.C.P. art.] 966(E).” In support of its motion, Energen filed deposition excerpts and an affidavit, along with authenticated copies of the leases and copies |6of Ener-gen’s contracts with its transporter. In opposition to Energen’s motion for summary judgment, Lafourche Realty offered affidavits and expert reports, all relating to Energen’s supposed efforts to hide the allegedly fraudulent marketing schemes from its royalty owners.
After a hearing, the district court granted Energen’s motion for summary judgment on November 30, 2010. The judgment dismissed Lafourche Realty’s cause of action, pursuant to La. R.S. 31:140, “asserting failure of the mineral lessee to make proper payment of royalties.” In written reasons for judgment, the district court emphasized that the summary judgment dismissed only one of Lafourche Re *1058 alty’s causes of action. The district court stated that Lafourche Realty had asserted two causes of action in its first supplemental reconventional demand: (1) “a cause of action for failure of the lessee to make proper payment of royalties under [La. R.S.] 31:140,” and (2) “a cause of action alleging fraud under [La. C.C. art.] 1953 in violation of the mineral lessee’s obligation to act as a reasonably prudent operator under [La. R.S.] 31:122 to market the crude oil for the mutual benefit of the mineral lessor and mineral lessee.” The district court then concluded in written reasons that Energen’s motion for summary judgment did not pray for a judgment dismissing Lafourche Realty’s second cause of action asserting Energen’s alleged fraud. The partial summary judgment signed by the district court was silent regarding the second cause of action, and the judgment did not address the claims of any other lessees that had been named in the consolidated cases. Additionally, the judgment did not specify which of the consolidated cases was affected by the partial summary judgment.
On January 7, 2011, Lafourche Realty filed a motion for appeal or, alternatively, motion to certify the judgment as final for appeal. Energen opposed the motion, and the district court denied Lafourche Realty’s motion for appeal as |7premature on January 28, 2011.[3] Lafourche Realty filed a second motion for devolutive appeal, which was granted by the trial court on February 3, 2011. In opposition to the motion to certify the partial summary judgment as final, Energen argued that the November 30, 2010 judgment “did not address the [identical] claims of the [other defendants] in these consolidated cases,” and did not adjudicate the “two additional causes of action found in Lafourche Realty’s First Supplemental Reconventional Demand: a cause of action against Ener-gen for alleged fraud pursuant to [La. C.C. art.] 1953, and a cause of action against Energen for alleged breach of the obligation to act as a prudent operator under [La. R.S. 31:122] to market the crude oil for the mutual benefit of Energen and its mineral lessor, Lafourche Realty.”
On the same day that the district court granted Lafourche Realty’s second motion and order of appeal, February 3, 2011, the district court issued a per curiam, essentially adopting Energen’s opposing position that the November 30, 2010 judgment was not a final, appealable judgment. The district court stated:
The motion to grant an order for a devolutive appeal filed by [Lafourche Realty] on February 3, 2011[,] seeks to appeal a summary judgment granted pursuant to [La. C.C.P. art. 966(E),] and it is therefore not a final, appealable judgment. The [district] court does not determine and designate the summary judgment as a final judgment under the provisions of [La. C.C.P. art. 1915(B).] The [district] court cannot determine there is no just reason for delay due to the relationship between the adjudicated claim and the unadjudicated claim of [Lafourche Realty] asserting fraud by the mineral lessee in violation of the mineral lessee’s obligation to act as a reasonably prudent operator to market the crude oil for the mutual benefit of the mineral lessor and mineral lessee.
In its appellate brief filed in this court, Lafourche Realty assigns one error, asserting that the district court erred in granting summary judgment in favor of Energen, because the district court misin *1059 terpreted the oil royalty payment clause. After this appeal in these consolidated cases was lodged in this court, we issued, ex | ¿proprio motu, a rule to show cause whether the appeal should be dismissed because of the lack of a proper La. C.C.P. art. 1915(B) designation of finality, and in light of the district court’s per curiam expressly declaring that the partial summary judgment was NOT a final, appeal-able judgment. In response to the rule, both Lafourche Realty and Energen filed briefs maintaining that the judgment was final and appealable because “for all practical purposes,” it resolves all issues between Lafourche Realty and Energen, and therefore, does not require an article 1915(B) certification.[4] Essentially, the parties argue that Lafourche Realty’s claims asserting Energen’s fraud and failure to market as a reasonably prudent operator are not separate from Lafourche Realty’s underlying claim for payment of royalties in accordance with the oil royalty payment clause in the leases.
LAW AND ANALYSIS
Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Motorola, Inc. v. Associated Indem. Corp., 2002-0716 (La.App. 1st Cir. 4/30/03), 867 So.2d 715, 717 (Motorola I). A final judgment of the district court may be appealed. See La. C.C.P. art. 2083. A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. Whether a partial final judgment is appealable is determined by examining the requirements of La. C.C.P. art. 1915. See La. C.C.P. art. 1911. It is appropriate for us to consider the basis for our jurisdiction before addressing the merits of this appeal. Motorola I, 867 So.2d at 717.
19Louisiana Code of Civil Procedure article 1915 authorizes the immediate appeal of partial final judgments, including partial summary judgments, with an appropriate designation by the district court.[5] The *1060 November 30, 2010 judgment does not fall within the ambit of La. C.C.P. art. 1915(A), because the summary judgment in this case falls under the provisions of La. C.C.P. art. 966(E).[6] See La. |inC.C.P. art. 1915(A)(3). Thus, La. C.C.P. art. 1915(B)(1) requires that the district court designate a partial summary judgment as a final judgment after an express determination that there is no just reason for delay. In the absence of such a determination and designation, the judgment shall not constitute a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915(B)(2).
In the per curiam simultaneously issued by the district court when the order of appeal was signed, the district court expressly determined that the No-vember 30, 2010 judgment was not a final, appealable judgment and refused to designate or certify the judgment as final, because it could not determine that there was no just reason for delay.[7] The district court reasoned that the resolution of the one adjudicated claim, which dismissed La-fourche Realty’s cause of action regarding Energen’s alleged failure to make proper payment of royalties under La. R.S. 31:140, did not resolve the other related unadjudicated claims regarding Lafourche Realty’s allegation of fraud by Energen in violation of its obligation to act as a reasonably prudent operator to market the crude oil for the mutual benefit of Energen and Lafourche Realty pursuant to La. R.S. 31:122. We agree with the district court’s determination and find no abuse of discretion in the certification decision.[8]
*1061 This partial summary judgment concerns only one issue/cause of action, and it falls squarely within the parameters of La. C.C.P. art. 1915(B). Since the district court specifically considered and then refused to designate the partial summary judgment as final and appealable, the appeal in these consolidated cases is not properly before this court. See Richardson v. Tessier, 2007-0874 (La.App. 1st Cir.11/2/07), 977 So.2d 55, 56; In re Succession of Faget, 2006-2159 (La.App. 1st Cir.9/19/07), 984 So.2d 7, 10. See also In re Succession of Guilbeau, 2010-1200 (La.App. 3d Cir.12/1/10), 51 So.3d 185, 187-88. We find this to be a jurisdictional defect in that “[n]o appeal may be taken ... until the judgment has been designated a final judgment under Article 1915(B).” See La. C.C.P. art. 1911 (emphasis added).[9] This court cannot determine the merits of an appeal unless our appellate jurisdiction is properly invoked by a valid final judgment. Phoenix Associates Land Syndicate, Inc. v. E.H. Mitchell & Co., L.L.C., 2007-0108 (La.App. 1st Cir.9/14/07), 970 So.2d 605, 610, writ denied, 2007-2365 (La.2/1/08), 976 So.2d 723.
Both parties now maintain that the partial summary judgment, for all practical purposes, essentially resolved all issues between Lafourche Realty and Energen, even though no party was dismissed. Thus, the parties argue that the partial summary judgment is final and appealable pursuant to La. C.C.P. art. 1915(A), without the necessity of the district court’s designation of finality.[10] In support of their position, the parties cite this court’s opinion in Jackson Nat. Life Ins. Co. v. Kennedy-Fagan, 2003-0054 (La.App. 1st Cir.2/6/04), 873 So.2d 44, 48, writ denied, 2004-0600 (La.4/23/04), 870 So.2d 307, where we held that a judgment was final even though it did not determine all claims or dismiss any parties, because it essentially resolved all of the issues that related to the sum in dispute on the principal demand. An obvious distinction between this case and Jackson National Life, is that the district court in Jackson National Life did not issue a per curiam specifically holding that the judgment was not final and appealable, as was done by the district court in this case. Jackson National Life is |12also distinguishable, because in that case the principal demand was actually resolved in full by the judgment; thus, the judgment was not an “issue” summary judgment, and the debtor was entitled to a dismissal. Id., 873 So.2d at 48 n. 4.
In the case sub judice, none of the parties in Lafourche Realty’s reconventional demands and/or petition for damages that were filed in the four consolidated cases are in a posture for dismissal, and none were dismissed. We disagree with the parties’ argument that the “practical effect” of the district court’s judgment is termination of all of Lafourche Realty’s claims against Energen. There is absolutely no indication in the record that the district court considered and/or dismissed all of Lafourche Realty’s claims against Energen. There is also no evidence that the parties indicated to the district court that the ruling on the partial summary judgment for the one cause of action would eliminate the need to litigate any more claims between Lafourche Realty and En-ergen.
*1062 If Lafourche Realty is eventually successful in proving its claim that Energen acted fraudulently and breached its statutory obligation to act as a prudent operator when marketing the crude oil for the mutual benefit of Energen and Lafourche Realty, then Lafourche Realty may be entitled to damages for that alleged breach. While we concede that each of Lafourche Realty’s causes of action is closely related, we find that they are separate and distinct and based upon different provisions in the mineral code. Thus, we conclude that the dismissal of one cause of action did not “essentially resolve” any other causes of action in these consolidated cases. The same parties will continue to litigate the remaining claims, which if found to have merit, may render the merits of the present appeal moot. Further, due to the close connexity of the claims and the unresolved claims involving other parties, there is a strong possibility that this court might be required to consider the same issues in a subsequent appeal.
Additionally, another notable flaw we have discovered with the November 30, 2010 judgment is that it is unclear whether all of the consolidated cases are 11Raffected by the district court’s ruling on the partial summary judgment.[11] The record actually reflects the parties’ confusion in this regard, in the various memoranda filed in support of and in opposition to Lafourche Realty’s motion for new trial, original motion for appeal, and motion to certify the judgment as final. If the district court actually intended to dispose of all La-fourche Realty’s claims in all the consolidated cases as the parties now contend, this intent is certainly not evident from the language of the judgment, without resort to other filed pleadings or reference to other documents in the record. Therefore, it is apparent that this partial summary judgment does not contain the proper de-cretal language that is necessary for a final, appealable judgment, even if we were to find, as the parties desire, that the judgment fell under La. C.C.P. art. 1915(A). See Accardo v. Chenier Property Partners, LLC, 2010-0825, pp. 3-4 (La.App. 1st Cir.10/29/10) (unpublished), 56 So.3d 463 (table); See La. C.C.P. art. 2168. A valid final judgment must be precise, definite, and certain. Laird v. St. Tammany Parish Safe Harbor, 2002-0045 (La.App. 1st Cir.12/20/02), 836 So.2d 364, 365. In the absence of proper decretal language, the judgment is defective, and this court lacks jurisdiction to review the merits. Id., 836 So.2d at 366. For all of these reasons, we find that this appeal in these consolidated cases must be dismissed.
Furthermore, we decline to convert the appeal of this non-final judgment to a supervisory writ, because to do so would be a blatant circumvention of the spirit of Article 1915, causing the delay and inefficiency which the codal provision obviously is designed to eliminate. See In re Chemical Release at Bogalusa, 98-1122 (La.App. 1st Cir.8/27/98), 718 So.2d 1015, 1016, writ granted, in part, 98-2505 (La.11/6/98), 726 So.2d 916. We believe that in cases like this one, where the district court makes an express determination that it cannot certify there is no just reason for delay for an immediate appeal, it is improper to review the merits of|14the uncertified partial summary judgment pursuant to our supervisory jurisdiction, thereby avoiding and/or ignoring the district court’s discretionary ruling on the certification. See In re Succession of Grimmett, 31,975 (La.App. 2d Cir.3/5/99), 738 So.2d 27, 31.
*1063 We are mindful that the supreme court has instructed appellate courts to consider and rule upon the merits of a supervisory writ, even if the alleged error can be corrected on appeal, when: (1) a reversal will terminate the litigation; (2) there is no dispute of fact to be resolved; and (3) the trial court decision appears to be incorrect. Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (per curiam). However, in these consolidated cases, a factual issue that must still be resolved is whether Energen fraudulently breached its statutory obligation to act as a reasonably prudent operator to market the crude oil for the mutual benefit of Energen and Lafourche Realty. Additionally, a determination on the merits at this point as to whether Energen made proper royalty payments as required by the oil royalty payment clause in the leases would not terminate this litigation. All of the parties remain in the litigation. Thus, the Herlitz factors that would mandate a conversion of the present appeal of these consolidated cases to an application for supervisory writs have not been met, and we decline to exercise our supervisory jurisdiction in this instance.[12] Lafourche Realty and Energen have an adequate remedy by review on appeal after a final judgment is rendered. See Best Fishing, Inc. v. Rancatore, 96-2254 (La.App. 1st Cir.12/29/97), 706 So.2d 161, 167.
CONCLUSION
We find the November 30, 2010 judgment herein is a partial summary judgment that adjudicates fewer than all of the claims, was not designated as final by the district court in accordance with La. C.C.P. art. 1915(B)(1), and is not a |iafinal, appealable judgment. As such, the judgment may be revised at any time prior to rendition of the final judgment that adjudicates all the claims and rights and liabilities of all the parties, in accordance with La. C.C.P. art. 1915(B)(2). We further find that since Lafourche Realty’s recon-ventional demands and petition for damages are still pending in the consolidated cases, involving the same parties and similar facts and issues, we are without appellate jurisdiction to consider the appeal in these consolidated cases concerning the partial summary judgment. We therefore dismiss this matter, without prejudice, for lack of jurisdiction.
In order to avoid piecemeal litigation, this appeal in these consolidated cases is dismissed, ex propria motu, and this matter is remanded to the district court for an adjudication of the remaining issues. Appellate costs are equally assessed to La-fourche Realty Company and Energen Resources Corporation.
APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED FOR FURTHER PROCEEDINGS.

. The lead docket number in the consolidated cases is 52468, which was consolidated with docket numbers 59436, 65168, and 79707.

. All issues in the consolidated cases that pertained to royalty payments for gas production were dismissed as prescribed on June 6, 2008.

. The district court determined that the partial summary judgment was not a final, ap-pealable judgment and that the motion for appeal was premature because Lafourche Realty had a pending motion for new trial. The motion for new trial was apparently untimely and was later withdrawn. Lafourche Realty then reurged its motion for appeal.

. We note that this position directly conflicts with the position Energen argued to the district court when opposing Lafourche Realty’s motion and order for appeal, and alternative motion for certification. At oral argument before this court, both parties indicated that they were now in agreement that the partial summary judgment was final and appealable; however, that assertion is insufficient for designation purposes under La. C.C.P. art. 1915. See Van ex rel White v. Davis, 2000-0206 (La.App. 1st Cir.2/16/01), 808 So.2d 478, 481 n. 2. Under the present and applicable version of Article 1915, the parties may not invoke this court’s appellate jurisdiction to review a partial summary judgment by mutual consent. Shapiro v. L & L Fetter, Inc., 2002-0933 (La.App. 1st Cir.2/14/03), 845 So.2d 406, 410. The jurisdiction of a court over the subject matter of an action or a proceeding cannot be conferred by consent of the parties. La. C.C.P. art. 3; Bennett v. Arkansas Blue Cross Blue Shield, 2005-1714 (La.App. 1st Cir.9/15/06), 943 So.2d 1124, 1127.

. Louisiana Code of Civil Procedure article 1915 provides as follows;
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or inter-venors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury. *1060 tó) Imposes sanctions or disciplinary action pursuant to Article 191, 863 or 864 or Code of Evidence Article 510(G).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.
(Emphasis added.)

. Louisiana Code of Civil Procedure article 966(E) states in part, “A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case[J” (Emphasis added.)

. A district court's mere signing of an order for appeal from a partial summary judgment does not constitute a proper designation and will not make that judgment immediately ap-pealable. In re Succession of Guilbeau, 2010-1200 (La.App. 3d Cir. 12/1/10), 51 So.3d 185, 187; City of New Orleans v. Howenstine, 98-2157 (La.App. 4th Cir.5/5/99), 737 So.2d 197, 199.

. In its per curiam, the district court provided reasons for not designating the partial summary judgment as final; therefore, we need not conduct a de novo review. Rather, the proper standard of review for certification decisions accompanied by the district court’s explicit reasons is whether the district court abused its discretion. See R.J. Messinger, Inc. v. Rosenblum, 2004-1664 (La.3/2/05), 894 So.2d 1113, 1122. See also Motorola, Inc. v. Associated Indem. Corp., 2002-1351 (La.App. 1st Cir. 10/22/03), 867 So.2d 723, 732-33.

. The remedy available to Lafourche Realty for immediate review of the partial summary judgment when the district court declined to certify it as final was to apply for a writ of review under this court’s supervisory jurisdiction. However, the record reflects, and the parties confirmed at oral argument before this court, that no such application was filed.

. See La. C.C.P. art. 1911, providing in part: “An appeal may be taken from a final judgment under Article 1915(A) without the judg-mentbeing so designated.”

. In contrast, an earlier judgment rendered by the district court when ruling on an exception of prescription was very specific as to which causes of action and which docket numbers in the consolidated cases were affected by the judgment.

. We also note that Lafourche Realty’s motion and order for appeal was not filed within the thirty-day time limit for a supervisory writ application. Thus, an application for supervisory writs would have been untimely. See Uniform Rules — Courts of Appeal, Rule 4-3.