STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 0493

PONTCHARTRAIN NATURAL GAS SYSTEM,
K/D/S PROMIX, L.L.C., AND ACADIAN GAS PIPELINE SYSTEM

VERSUS

TEXAS BRINE COMPANY, LLC

Judgment Rendered:  **SEP 2 7 2019**

* * * * *

On Appeal from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Trial Court No. 34,265

Honorable Thomas J. Kliebert, Jr., Judge Presiding

* * * * *

Leopold Z. Sher
James M. Garner
Peter L. Hilbert, Jr.
Christopher T. Chocheles
Jeffrey D. Kessler
Rebekka C. Veith
David A. Freedman
New Orleans, LA

Travis J. Turner
Gonzales, LA

R. Ryland Percy, III
Gonzales, LA

Mary S. Johnson
Mandeville, LA

Nichole M. Gray
Chad J. Mollere
New Orleans, LA

Attorneys for Appellant/Defendant,
Third-Party Plaintiff,
Texas Brine Company, LLC

Attorneys for Appellee/Defendant,
Third Party Defendant,
New Hampshire Insurance Company
(solely in its capacity as an alleged
insurer of Occidental Chemical
Corporation, Occidental Petroleum
Corporation, and/or Oxy USA, Inc.)

* * * * *

BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

Texas Brine Company, LLC, appeals a September 13, 2017 judgment sustaining a declinatory exception raising the objection of *lis pendens* filed by New Hampshire Insurance Company ("New Hampshire"), as an alleged insurer of Occidental Chemical Corporation, Occidental Petroleum Corporation, and/or Oxy USA, Inc. (collectively, "Oxy"). That judgment dismissed "any and all claims, demands, and/or allegations asserted by [Texas Brine] against [New Hampshire] ... in their entirety, **WITHOUT PREJUDICE**, in favor of the first-filed set of claims and demands," without declaring which of the multiple sinkhole cases was the first-filed suit.

We have repeated the history of this litigation multiple times in many appeals; thus, we will not reiterate the background herein. Shortly before the hearing for this appeal, Texas Brine filed an exception of lack of appellate jurisdiction, relying on recent precedent on this same issue. See **Pontchartrain Natural Gas System, et al v. Texas Brine Company, LLC**, 2018-0419 (La. App. 1st Cir. 6/26/19), ___ So.3d ___, ___, 2019 WL 2609034, *2, writ denied, stay denied, 2019-01125 (La. 7/17/19), ___ So.3d ___, 2019 WL 3491637; and **Pontchartrain Natural Gas System, et al v. Texas Brine Company, LLC**, 2018-0435 (La. App. 1st Cir. 6/26/19), ___ So.3d ___, ___, 2019 WL 2609142, *2. Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.**, 2011-0520 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698.

This court's jurisdiction extends to final judgments and interlocutory judgments expressly provided by law. See La. Code Civ. P. art. 2083. A final appealable judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered,

and the relief that is granted or denied. Further, a valid judgment must be precise, definite, and certain. These determinations should be evident from the language of the judgment without reference to other documents in the record. In the absence of a valid final judgment, this court lacks subject matter jurisdiction. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046-1047 (en banc).

In this case, it is not possible to determine, from the language of the judgment alone, what constitutes the "first-filed set of claims and demands," as referenced in the judgment. The "first-filed set of claims and demands" is clearly disputed by the parties and was the key issue squarely before the district court on the declinatory exception of *lis pendens*. However, rather than deciding the issue, the district court actually struck through all of the language in the judgment pertaining to the identification of the first-filed suit. Accordingly, this court is unable to determine the exact relief that is granted or denied by the judgment. We find that the indefinite judgment is not a final, appealable judgment. Thus, we lack subject matter jurisdiction to consider this appeal and we therefore, sustain Texas Brine's exception in part, dismissing this appeal. However, we deny Texas Brine's additional request that we await a final determination of the entire underlying suit before assessing costs.

## CONCLUSION

We issue this summary opinion in accordance with Uniform Court of Appeal Rule 2-16.2A(1) and (2), sustaining Texas Brine's exception in part and dismissing this appeal for lack of subject matter jurisdiction. This disposition is clearly controlled by case law precedent. Additionally, because we dismiss the appeal for lack of jurisdiction, we pretermit ruling on all pending motions connected to this appeal. We assess all costs of this appeal to Texas Brine Company, LLC.

**EXCEPTION SUSTAINED IN PART; RULINGS ON ALL PENDING MOTIONS PRETERMITTED; APPEAL DISMISSED.**

3