STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 0492

PONTCHARTRAIN NATURAL GAS SYSTEM,
K/D/S PROMIX, L.L.C., AND ACADIAN GAS PIPELINE SYSTEM

VERSUS

TEXAS BRINE COMPANY, LLC

Judgment Rendered: **SEP 2 7 2019**

* * * * *

On Appeal from the
23rd Judicial District Court
In and for the Parish of Assumption
State of Louisiana
Trial Court No. 34,265

Honorable Thomas J. Kliebert, Jr., Judge Presiding

* * * * *

| | |
|---|---|
| Leopold Z. Sher<br>James M. Garner<br>Peter L. Hilbert, Jr.<br>Jeffrey D. Kessler<br>Rebekka C. Veith<br>David A. Freedman<br>New Orleans, LA | Attorneys for Appellant/Defendant,<br>Third-Party Plaintiff,<br>Texas Brine Company, LLC |
| Travis J. Turner<br>Gonzales, LA | |
| R. Ryland Percy, III<br>Gonzales, LA | |
| Mary S. Johnson<br>Mandeville, LA<br><br>Nichole M. Gray<br>Chad J. Mollere<br>New Orleans, LA | Attorneys for Appellee/Defendant,<br>Third Party Defendant,<br>AIG Specialty Insurance Company<br>(solely in its capacity as an alleged<br>insurer of Adams Resources<br>Exploration Corporation) |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

Texas Brine Company, LLC, appeals a September 27, 2017 judgment sustaining a declinatory exception raising the objection of *lis pendens* filed by AIG Specialty Insurance Company ("AIG Specialty"), as an alleged insurer of Adams Resources Exploration Corporation ("Adams").[1] That judgment dismissed "any and all claims, demands, and/or allegations asserted by [Texas Brine] against [AIG Specialty] ... in their entirety, **WITHOUT PREJUDICE**, in favor of the first-filed set of claims and demands," without declaring which of the multiple sinkhole cases was the first-filed suit.

The history of this litigation has been repeated multiple times in many appeals and will not be reiterated herein. Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.**, 2011-0520 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. This court's jurisdiction extends to final judgments and interlocutory judgments expressly provided by law. See La. Code Civ. P. art. 2083. A final appealable judgment must contain decretal language and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Further, a valid judgment must be precise, definite, and certain. These determinations should be evident from the language of the judgment without reference to other documents in the record. In the absence of a valid final judgment, this court lacks subject matter jurisdiction. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046-1047 (en banc).

---

[1] AIG Specialty Insurance Company was formerly known as Chartis Specialty Insurance Company, which was also previously known as American International Specialty Lines Insurance Company and American International Surplus Lines Insurance Company, both of which were previously known as AISLIC.

2

In this case, it is not possible to determine, from the language of the judgment alone, what constitutes the "first-filed set of claims and demands," as referenced in the judgment. The "first-filed set of claims and demands" is clearly disputed by the parties and was the key issue squarely before the district court on the declinatory exception of *lis pendens*. However, rather than deciding the issue, the district court actually struck through all of the language in the judgment pertaining to the identification of the first-filed suit. Accordingly, this court is unable to determine the exact relief that is granted or denied by the judgment. We find that the indefinite judgment is not a final, appealable judgment.[2] Thus, we lack subject matter jurisdiction to consider this appeal. Moreover, this court recently dismissed appeals for the same reason in two other matters that control the disposition of this appeal. See **Pontchartrain Natural Gas System, et al v. Texas Brine Company, LLC**, 2018-0419 (La. App. 1st Cir. 6/26/19), ___ So.3d ___, ___, 2019 WL 2609034, *2, <u>writ denied, stay denied</u>, 2019-01125 (La. 7/17/19), ___ So.3d ___, 2019 WL 3491637; and **Pontchartrain Natural Gas System, et al v. Texas Brine Company, LLC**, 2018-0435 (La. App. 1st Cir. 6/26/19), ___ So.3d ___, ___, 2019 WL 2609142, *2.

## CONCLUSION

We issue this summary opinion in accordance with Uniform Court of Appeal Rule 2-16.2A(1) and (2), dismissing this appeal for lack of subject matter jurisdiction and finding that the disposition is clearly controlled by case law precedent. Further, we deny the parties' joint motion to dismiss this appeal as moot. Because we dismiss the appeal for lack of jurisdiction, we pretermit ruling

---

[2] Additionally, while we acknowledge the filing of the parties' joint motion to summarily dismiss this appeal as moot, we note that the district court's subsequent judgment rendered after the liability trial is currently the subject of multiple appeals that are pending before this court and has not yet acquired the authority of a thing adjudged. Therefore, we deny the joint motion to dismiss the appeal *sub judice* as moot. See La. Code Civ. P. arts. 2166 and 2167. See also **Pontchartrain Natural Gas System v. Texas Brine Company, LLC**, 2018-0360 (La. App. 1st Cir. 7/3/19), ___ So.3d ___, ___, 2019 WL 2865129, *1.

3

on all other pending motions and the show cause order issued in connection with this appeal. We assess all costs of this appeal to Texas Brine Company, LLC.

**APPEAL DISMISSED; JOINT MOTION TO DISMISS AS MOOT DENIED; RULINGS ON ALL OTHER PENDING MOTIONS AND SHOW CAUSE ORDER PRETERMITTED.**