# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

\* \* \* \* \* \* \*

2020 CA 0874

--*CONSOLIDATED WITH*--

2020 CA 0875

REQUEL LASHAY COMPTON

VERSUS

JEFFREY BERNARD CHATMAN

JUDGMENT RENDERED: **FEB 2 5 2021**

\* \* \* \* \* \* \*

Appealed from The Family Court
In and for the East Baton Rouge • State of Louisiana
Docket Number F184863 c/w 185175• Division "A"

The Honorable Pamela J. Baker, Judge Presiding

\* \* \* \* \* \* \*

Veronica Jones
Baton Rouge, Louisiana

ATTORNEY FOR APPELLEE
PLAINTIFF—Requel Lashay
Compton


Kathleen M. Wilson
Baton Rouge, Louisiana

ATTORNEY FOR APPELLANT
DEFENDANT—Jeffrey Bernard
Chatman


Hillar C. Moore, III
*District Attorney*
Amanda Kinchen Gros
*Assistant District Attorney*
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLEE
DEFENDANT—State of Louisiana,
Department of Children and
Family Services & Child Support
Enforcement

\* \* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

The defendant, Jeffrey Bernard Chatman, appeals a judgment denying his motion to dissolve or modify a Protective Order issued against him under the provisions of the Domestic Abuse Assistance Act, La. R.S. 46:2131, *et seq.* For reasons that follow, we dismiss this appeal and issue this opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

Mr. Chatman and the plaintiff, Requel Lashay Compton, were previously involved in a relationship, and two children were born as a result of that relationship: J.L.C., born on October 21, 2009 and A.L.C., born July 18, 2013. While there has been no final determination of child custody for these two minor children, Mr. Chatman is under a court order to pay a monthly child support obligation to Ms. Compton for the support of J.L.C.[1]

In 2012, Ms. Compton filed a Petition for Protection from Abuse against Mr. Chatman, which was subsequently dismissed because Ms. Compton failed to appear at the hearing. On January 6, 2014, approximately six months after the birth of A.L.C., Ms. Compton, on behalf of herself *and* on behalf of the parties' minor children, filed another Petition for Protection Abuse against Mr. Chatman. Following a hearing on February 12, 2014, a Protective Order was entered against Mr. Chatman. The Protective Order issued and signed by the trial court on that date (February 12, 2014) does not reflect that it was a "Court Approved Consent Agreement." However, the transcript of the hearing reflects that, at the end of the hearing, Mr. Chatman agreed to the Protective Order, therefore, the trial court "grant[ed] the Protective Order as requested ...." (R163)

The Protective Order issued by the trial court restrained Mr. Chatman from

---

[1] Pursuant to a judgment signed on June 8, 2012, Mr. Chatman was found to be the natural and biological father of J.L.C. and was ordered to pay child support on a monthly basis. His monthly child support obligation for J.L.C. was temporarily modified pursuant to a judgment signed by the trial court on December 11, 2013 and that modification of child support was further extended by a judgment signed on May 15, 2014.

committing further acts of abuse or threats of abuse, along with other "[a]dditional terms." The Protective Order set forth that it "shall be effective through 11:59 PM on 8/12/15" but that "[s]ome of the provisions of this order **MAY NOT EXPIRE**" referencing "paragraphs 1-5." Paragraphs 1-5 of the Protective Order, which were initialed by the trial court as having been granted, enjoined Mr. Chatman from: (1) abusing, harassing, stalking, following, or threatening Ms. Compton and the minor children in any manner; (2) from contacting Ms. Compton and the minor children personally, electronically, by phone, in writing, or through a third party, without the express written permission of the court; (3) going within 100 yards of Ms. Compton and the minor children without the express written permission of the court; (4) going within 100 yards of the residence of Ms. Compton and the minor children; and (5) going to Ms. Compton's place of employment or interfering with her employment or going to or interfering with the children's school. Under each of these paragraphs, the option "**Does not expire**" was selected rather than the option "**Expires on date shown on pages 1 & 5.**" The record does not reveal that Mr. Chatman either timely filed a motion for new trial or that he timely appealed the February 12, 2014 Protective Order.

On November 13, 2019, Mr. Chatman filed a Motion to Dissolve Protective Order. Therein, Mr. Chatman asserted that it was his understanding that the Protective Order issued on February 12, 2014, was set to expire eighteen months after the issuance of the order, *i.e.* on August 12, 2015, and that the parties reconciled and began living together again in October 2014, prior to the date that the Protective Order purportedly expired. Mr. Chatman further asserted that the parties continued to live together until February 2018 and thereafter, he discovered that there was still an "active" Protective Order prohibiting him from seeing his children. Mr. Chatman claimed that he has been restricted from seeing the minor children for more than two years because of the Protective Order that he was not

3

aware of and requested that the Protective Order be dissolved. The rule to show cause attached to Mr. Chatman's motion was "FILED UNSIGNED." The next day, Mr. Chatman filed another motion seeking to dissolve the February 12, 2014 Protective Order, asserting that "[t]he parties ... were under the presumption that the current [Protective Order] was for 18 [months] as opposed to for a lifetime" and that he "would like to have the matter resolved by the court[] so he could visit with his minor children whom he hadn't seen in 2 years."

A hearing was scheduled for December 3, 2019[2]; however, the minutes of the trial court reflect that Mr. Chatman failed to appear, and therefore, the trial court dismissed the motion. Thereafter, another hearing was scheduled for December 18, 2020. After evidence was introduced and the matter submitted, the trial court denied the motion to modify the Protective Order. In accordance with that ruling, on February 3, 2020, the trial court signed a judgment that provided "**IT IS ORDERED** that the *Motion/Dissolve to Modify a Prior Louisiana Uniform Abuse Prevention Order* filed by **JEFFREY CHATMAN** be hereby **DENIED.**" From this judgment, Mr. Chatman has appealed.

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.**, 2011-0520 – 2011-0523 (La. App. 1st Cir. 11/9/11), 79 So.3d 1054, 1059, writ denied, 2012-0360 (La. 4/9/12), 85 So.3d 698. This Court's appellate jurisdiction extends to "final judgments," which are those that determine the merits in whole or in part. See La. C.C.P. art. 1841 and 2083. A valid judgment must be "precise, definite, and certain." **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045, 2002-0046 (La. App. 1st Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal

---

[2] Although the minutes of the trial court reflect that the hearing was scheduled for December 4, 2019, the judgment signed by the trial court on January 16, 2020 pursuant to that hearing reflects that it was December 3, 2019.

language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. See **Carter v. Williamson Eye Center,** 2001-2016 (La. App. 1st Cir. 11/27/02), 837 So.2d 43, 44. Additionally, a final appealable judgment must contain appropriate decretal language disposing of or dismissing claims in the case. See **Advocate Financial, L.L.C. v. Joseph F. Lahatte, Jr., L.L.C.,** 2009-0609 (La. App. 1st Cir. 10/23/09) *(unpublished)*, 2009 WL 3452832, *3. A judgment that does not contain appropriate decretal language cannot be considered as a final judgment for the purpose of an appeal, and this court lacks jurisdiction to review such a judgment. See **Johnson v. Mount Pilgrim Baptist Church,** 2005-0337 (La. App. 1st Cir. 3/24/06), 934 So.2d 66, 67.

In this case, while the February 3, 2020 judgment that Mr. Chatman sought to appeal specifically denied his motion seeking to dissolve or modify the Protective Order, we find the judgment is defective and not a final judgment for the purpose of an appeal because it does not contain appropriate decretal language dismissing the motion to modify or dissolve the February 12, 2014 Protective Order. In addition, the judgment does not state in whose favor and against whom the judgment was rendered. In the absence of a valid final judgment, this Court lacks jurisdiction to review the matter, and we dismiss the appeal from the February 3, 2020 judgment.[3]

---

[3] We recognize that this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. See **Stelluto v. Stelluto,** 2005-0074 (La. 6/29/05), 914 So.2d 34, 39. Generally, appellate courts have exercised that discretion when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3, and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. See **Boyd Louisiana Racing, Inc. v. Bridges,** 2015-0393 – 2015-0395 (La. App. 1st Cir. 12/23/15) *(unpublished)*, 2015 WL 9435285, *2-4. We also note

5

## CONCLUSION

For all of the above and foregoing reasons, the appeal of the February 3, 2020 judgment is dismissed. All costs of this appeal are assessed to the appellant, Jeffrey Bernard Chatman.

**APPEAL DISMISSED.**

---

that the denial of the motion for modification or dissolution, without a dismissal of the claims therein, renders the judgment interlocutory, and therefore it is neither appealable nor susceptible of being certified for immediate appeal. See La. C.C.P. art. 1841, 1911, 1915, and 2083.

REQUEL LASHAY COMPTON

VERSUS

JEFFREY BERNARD CHATMAN

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

NO. 2020 CA 0874

*WHC Amy JECW*

CHUTZ, J., dissenting.

Appellate courts generally refrain from exercising supervisory jurisdiction when the jurisdictional defect in a judgment lies in a lack of decretal language. However, this court possesses broad discretion to convert an appeal of a non-final judgment to an application for supervisory writs where the trial court's judgment is arguably incorrect and, if not corrected, will create a grave injustice. See *MAPP Const., LLC v. Amerisure Mutual Insurance Company*, 13-1074 (La. App. 1st Cir. 3/24/14), 143 So.3d 520, 528. Because this situation appears to exist in the present case, I believe this court should exercise its plenary supervisory jurisdiction to reach the merits of this appeal.

Louisiana Revised Statutes 46:2136 provides, in pertinent part:

> F. (1) **Except as provided in Paragraph (2) of this Subsection, any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed eighteen months**, and may be extended by the court, after a contradictory hearing, in its discretion.
>
> ...
>
> (2)(a) For any protective order granted by the court which directs the defendant to refrain from abusing, harassing, or interfering with the person as provided in R.S. 46:2135(A)(1), **the court may grant the order to be effective for an indefinite period of time** as provided by the provisions of this Paragraph on its own motion or by motion of the petitioner. **The indefinite period shall be limited to the portion of the protective order which directs the defendant to refrain from abusing, harassing, or interfering with the person as provided in R.S. 46:2135(A)(1).**[1]

---

[1] Louisiana Revised Statutes 46:2135(A)(1) provides, in pertinent part:

> Upon good cause shown in an ex parte proceeding, the court may enter a temporary restraining order, without bond, as it deems necessary to protect from abuse the petitioner, any minor children, or any person alleged to be an incompetent. ... The order may include but is not limited to the following:

Thus, this provision limits the duration of a protective order or approved consent agreement to eighteen months, with the limited exception of allowing the portion of a protective order directing the defendant to refrain from abusing, harassing, or interfering with the protective person(s) to be for an indefinite period. The protective order issued in this case contains several portions that do not fall within this limited exception. By providing that those portions of the protective order (other than the portion directing the defendant to refrain from abusing, harassing, or interfering with the protective person(s)) did not expire, which is a duration far in excess of eighteen months, the trial court appears to have exceeded its statutory authority.

Furthermore, I believe that failing to correct this legal error would constitute a grave injustice. By permanently prohibiting Mr. Chatman from approaching near to or contacting his children under any circumstances, the protective order is akin to a *de facto* termination of his parental rights, which is one of the most fundamental of rights. Moreover, the evidence presented against Mr. Chatman at the two hearings held before the trial court was clearly insufficient to rise to the level of clear and convincing evidence necessary for a termination of parental rights. It is particularly relevant in this regard that Ms. Compton apparently did not consider Mr. Chatman to be a risk to the children during the extended period that she reconciled with him *after the issuance of the protective order*.

For these reasons, I respectfully dissent from the majority's dismissal of this appeal without reaching the merits of the trial court's denial of Mr. Chatman's request to dissolve or modify the protective order.

---

(1) Directing the defendant to refrain from abusing, harassing, or interfering with the person or employment or going near the residence or place of employment of the petitioner, the minor children, or any person alleged to be incompetent, on whose behalf a petition was filed under this Part.

2