WATKINS, Judge.
Wilford Leroy Thompson, Jr., brought the present suit seeking damages in the sum of $2,500,000.00 for an alleged condition of asbestosis brought on by his employment by a succession of employers in the years 1952 through 1978 while working in contact with asbestos as an insulation worker. Among the defendants named were The McCarty Corporation and Marvin R. McCarty. The McCarty Corporation was dismissed as a co-defendant on the sustaining of an exception of no cause of action, which does not form part of the subject of this appeal. McCarty was retained as co-defendant in his status as an executive officer of The McCarty Corporation and as allegedly having been guilty of an “intentional act”. Plaintiff worked for The McCarty Corporation in the year 1972.
The McCarty Corporation and Marvin R. McCarty individually before the sustaining of the exception mentioned above, had filed a third party demand against their various insurers under workmen’s compensation and general liability policies for the period from July 1, 1968, through the date of filing of the third party demand, February 29,1980. The insurers named are Commercial Union Insurance Company, The Fidelity & Casualty Company of New York, General Accident Fire & Life Assurance Corporation, Ltd., and Cover-all Underwriters Incorporated of Louisiana. Later, on April 22, 1982, a Supplemental and Amending Third Party Petition was filed on behalf of McCarty and The McCarty Corporation naming as an additional third party defendant National Union Fire Insurance Corporation. The sole relief sought in either the original third party demand or the supplemental demand was a money judgment against the insurers in the event third party plaintiffs were held liable to Thompson, the plaintiff in the principal action.
On May 21, 1982, National Union filed a pleading styled Motion for Summary Judgment seeking summary judgment in its favor dismissing the third party demand against it. On July 1, 1982, The McCarty Corporation and Marvin R. McCarty filed a pleading styled Motion for Declaratory Judgment seeking a declaratory judgment against General Accident Fire & Life Assurance Corporation, Ltd., National Union Fire Insurance Company, The Employers’ Fire Insurance Company, and Fidelity & Casualty Company of New York. The declaratory judgment sought to determine two issues, (1) whether the insurers were required to defend The McCarty Corporation and Marvin R. McCarty, and (2) whether the insurers were obligated to pay any judgment rendered against The McCarty Corporation and Marvin R. McCarty.
The Motion for Summary Judgment filed by National Union and the “Motion for Declaratory Judgment” mentioned immedi *1341 ately above were decided together by judgment dated October 13, 1983, without a trial and without the transcription of a hearing (so far as we can determine, none being available), and written reasons for judgment were assigned. In the portion of the judgment that concerns the present appeal, National Union was dismissed as a third party defendant, and The Employers’ Fire Insurance Company was declared obligated to defend Marvin R. McCarty in the present proceeding and was declared obligated to pay any money judgment rendered against Marvin R. McCarty, subject to any applicable limit of liability. The well-reasoned reasons for judgment state that Louisiana has adopted the “injurious exposure” theory of liability in asbestosis cases, by virtue of the U.S. 5th Circuit’s decision in Porter v. American Optical Corp., 641 F.2d 1128 (5th Cir.1981), which cited with favor Insurance Company of North America v. Forty-Eight Insulations, Inc., 633 F.2d 1212 (6th Cir.1980). As is well brought out in the Forty-Eight Insulations case, other theories of sequential liability have been advanced in asbestosis cases, which Forty-Eight Insulations rejected.
We find it unnecessary to determine whether the Louisiana courts should adopt the “injurious exposure” theory in asbestosis cases, or another theory, as the issue was not properly placed before the trial court in a procedural posture permitting determination.
The issue was decided on the basis of McCarty’s pleading styled Motion for Declaratory Judgment. We are unable to determine whether the Motion constitutes a petition for declaratory judgment or a motion for summary judgment.
If the pleading constitutes in effect a petition for declaratory judgment, we note that it is fundamental to Louisiana law that a declaratory judgment can be rendered only after the holding of a trial on the merits if the determination involves an issue of fact. LSA-C.C.P. art. 1879. In the present case, we gather from a reading of the pleadings, answers to interrogatories, and the deposition of Dr. Clay A. Waggenspack, Jr., plaintiff’s treating physician, that serious issues of fact exist as to whether plaintiff indeed had asbestosis and if he did, under what period of employment it was caused, contracted, and/or manifested itself. Without a trial on the merits to determine these issues, the issue is not ripe for determination.
On the other hand, we could view the Motion for Declaratory Judgment as a Motion for Summary Judgment. However, the relief principally sought in the Motion filed by McCarty is a determination of the issue of liability prospectively before the principal issue, the awarding of a money judgment, is determined. As was noted in Smith v. Hanover Insurance Co., 363 So.2d 719 (La.App. 2d Cir.1978), cited approvingly in Dryades Savings and Loan Association v. Lassiter, 400 So.2d 894 (La.1981), this form of determination the courts cannot give. A summary judgment may grant less than all of the relief prayed for. However, as these cases note, at least some of the relief sought in the plaintiff’s demand (in this case, the third party plaintiff’s demand), must be sought on the motion for summary judgment. Here, third party plaintiff McCarty sought but one form of relief in his two third party demands, a money judgment against the insurers in the event he was cast in judgment. The relief sought on the so-called Motion for Declaratory Judgment was (1) a prospective determination of liability and (2) a declaration of obligation to defend. Neither of these two forms of relief was sought in the original third party demand or the amended third party demand. Hence, the form of summary relief sought could not properly be granted, and the hybrid declaratory-summary judgment granted must be vacated and set aside.
As the issue of the liability of National Union is interrelated to the factual issues involving asbestosis discussed above, as to which genuine issues of material fact are present, we consider it inappropriate to rule upon the ultimate liability of National Union at this time and reverse the summa *1342 ry judgment granted by the lower court in its favor.
The judgment of the trial court is reversed, vacated, and set aside, and the matter remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PONDER, J., concurs and assigns reasons.
CARTER, J., dissents for written reasons assigned.