HIGGINBOTHAM, J.
12This appeal involves an approximate $6.7 million dollar award for defense costs in a suit for declaratory judgment. For the following reasons, we convert the appeal to an application for a supervisory writ of review, grant the writ, vacate the September 25, 2012 judgment, and remand.
BACKGROUND
The long history of this litigation includes multiple lawsuits that arose out of the construction and funding of a multi-unit apartment complex on Nicholson Drive in Baton Rouge, Louisiana. The construction project, hereafter referred to as “the Southgate project,” is owned by Southgate Residential Towers, LLC and Southgate Penthouses, LLC (collectively referred to as “Southgate”). Pertinent to this appeal is a declaratory judgment action brought by the general contractor on the Southgate project, MAPP Construction, LLC (“MAPP”), and its liability insurer, Bituminous Casualty Corporation (“Bituminous”).
On November 5, 2009, MAPP and Bituminous filed a petition for declaratory judgment against twelve of the subcontractors’ liability insurers (“subcontractor insurers”), on the Southgate project, one of which is Crum & Forster Specialty Insurance Company (“C & F”). MAPP and Bituminous sought to recover attorney’s fees and legal expenses incurred by Bituminous in defending the litigation and arbitration originally brought by Southgate against Bituminous’s named insured, MAPP. Bituminous and MAPP requested a judicial declaration that all of the subcontractor insurers, including C & F, have:
*523 [A] contractual duty to pay the cost of defending MAPP as an additional insured under [the] insurance policies issued to the [subcontractors, and requiring [the subcontractor insurers] to pay and reimburse Bituminous for the cost [of] defending MAPP in the litigation involving the construction of the [South-gate project], including both the arbitration proceedings and the civil suits and, further, for any other general or equitable relief that the court may find proper and just.
|RShortly after MAPP and Bituminous filed their petition for declaratory judgment, Southgate filed a motion to intervene with an accompanying petition for declaratory judgment as intervenor on November 19, 2009, alleging that Southgate had a justiciable interest in the declaratory judgment action filed by MAPP and Bituminous, because Southgate had previously asserted its right to payment of legal fees against all of the subcontractor insurers, MAPP, and Bituminous in another lawsuit known as the “insurance litigation.”[1] In its petition for declaratory judgment as intervenor, Southgate alleged that MAPP, Bituminous, and Southgate were all additional insureds under the same provisions in the subcontractor insurers’ policies and subcontractor agreements, and they all sought reimbursement for legal fees incurred in the insurance litigation and arbitration proceedings. As intervenor, South-gate requested a judicial declaration that:
[The subcontractor insurers] have a contractual duty to pay and reimburse the costs of attorney’s fees of Southgate as an additional insured under the [subcontractor insurers’] insurance policies and requiring [them] to pay and reimburse the costs of attorney’s fees of Southgate in the litigation related to [the] South-gate project including both the arbitration proceedings and the civil suits and granting all damages, attorney[’s] fees, costs, penalties. and all other relief allowed by law.
In April 2010, MAPP and Bituminous settled with Southgate pursuant to a confidential compromise and settlement agreement. As part of the settlement, |4MAPP and Bituminous assigned their rights and claims to Southgate, including their rights and claims against all subcontractors and subcontractor insurers for attorney’s fees and costs that Bituminous advanced or paid on behalf of MAPP in defense of Southgate’s claims. The trial court signed *524 an ex parte order of substitution on June 17, 2010, recognizing and substituting Southgate as plaintiff in the declaratory judgment action originally filed by MAPP and Bituminous. C & F answered South-gate’s petition for declaratory judgment (as assignee), denying that it owes a duty to defend Southgate, contesting the amount of legal fees incurred as unreasonable and unnecessary, and requesting a trial by jury on all issues.
After its substitution as plaintiff in the declaratory judgment action, Southgate, as assignee of MAPP and Bituminous, moved for partial summary judgment against C & F, seeking a declaration that: (1) MAPP is an additional insured under the C & F policy issued to the primary electrical subcontractor, Power Design, Inc. (“PDF); (2) C & F has a duty to defend MAPP in the insurance litigation; (3) C & F’s duty to defend MAPP is primary to Bituminous’s duty to defend MAPP, and therefore, C & F is obligated to reimburse Southgate for 100% of the legal fees and expenses that Bituminous paid on behalf of MAPP; and (4) C & F has no right to contest the reasonableness of the attorney’s fees incurred on behalf of MAPP since C & F breached its duty to defend. C & F opposed Southgate’s motion for partial summary judgment, primarily contesting the validity of MAPP’s assignment of rights to Southgate without C & F’s consent and pointing out that Southgate has already recovered the same attorney’s fees and expenses from C & F’s insured, and paid by C & F, in the arbitration proceeding.
On October 25, 2011, the trial court granted the partial summary judgment in favor of Southgate, as assignee of MAPP and Bituminous, without indicating anything regarding the specific issues raised in Southgate’s petition for declaratory judgment. In that partial summary judgment (hereafter referred to as the “first judgment”), the trial court expressly reserved the right to review the 1 .^reasonableness of the attorney’s fees that were sought. Southgate contends that by granting the first judgment, the trial court actually held that C & F owed a duty to defend and found C & F solidarity liable for the entire amount of the attorney’s fees, plus interest. C & F subsequently sought a supervisory writ of review, but this court declined to exercise our supervisory jurisdiction, noting that an adequate remedy exists by review on appeal following rendition of a final judgment.[2] The Louisiana Supreme Court also denied C & F’s writ application on May 18, 2012.[3]
One week after all writs were denied as to the first judgment, Southgate, as as-signee of MAPP and Bituminous, filed a motion to have the trial court determine the amount of attorney’s fees owed by C & F. Southgate maintained that C & F was solidarity liable for the entire amount of costs associated with the defense of MAPP in all of the Southgate litigation, plus interest, including the arbitration proceeding, the insurance litigation, and various other consolidated lawsuits filed by the subcontractors against Southgate and MAPP for nonpayment of sums due on the Southgate project, as well as “any other lawsuit, cross-claim or third party demand ... arising out of or relating to the South-gate [pjroject.” Southgate requested that the trial court determine the reasonableness of $6,700,616.16 as the amount of attorney’s fees and other legal expenses *525 paid by Bituminous on behalf of MAPP, so that a final money judgment could be entered against C & F. In support of its motion, Southgate submitted numerous affidavits by attorneys that were offered to authenticate billing records and summaries of fees and expenses purportedly incurred while representing Bituminous and MAPP throughout the Southgate litigation, with voluminous attachments outlining defense expenses.
C & F filed a formal response to South-gate’s motion to determine attorney’s fees, objecting to Southgate’s use of affidavits and attachments of purported bills 16as evidence of legal expenses instead of having a trial on the merits of the reasonableness of the attorney’s fees and other expenses. C & F also filed a dilatory exception raising the objection of unauthorized use of summary proceedings. C & F argued that its liability for attorney’s fees, as well as the amount and reasonableness of attorney’s fees, are the principal issues in this declaratory judgment action; and therefore, summary proceedings are inappropriate. But before the trial court ruled on South-gate’s motion or C & F’s exception, South-gate filed an alternative motion for partial summary judgment on the amounts paid by Bituminous for MAPP’s defense costs, relying on its previously filed affidavits and exhibits setting forth the legal fees and expenses totaling $6,700,616.16 paid by Bituminous on behalf of MAPP.[4] C & F opposed Southgate’s second motion for partial summary judgment, submitting that it is inappropriate for the trial court to decide the contested factual issue of the reasonableness of attorney’s fees on summary judgment, that Southgate did not submit any evidence regarding the reasonableness of the defense costs, and that the amount of attorney’s fees should be rendered in accordance with the confirmation of the final arbitration award.
The trial court heard all pending motions and exceptions on July 30, 2012, and took the entire matter under advisement. On September 25, 2012, the trial court signed a judgment (hereafter referred to as the “second judgment”), granted in favor of Southgate and against C & F in the amount' of $6,700,616.16, plus interest. Two days later, on September 27, 2012, the trial court signed an order overruling C & F’s dilatory exception of unauthorized use of summary proceedings. C & F filed a motion for new trial concerning the second judgment, as well ás a motion to designate the second judgment as final for purposes of an appeal. Without a hearing, the trial court denied C & F’s motion to designate the second 17judgment as final, prompting C & F to file an application for supervisory review by this court before the trial court ruled on C & F’s pending motion for new trial.
This court denied C & F’s writ application on February 13, 2013, declining to exercise supervisory jurisdiction since it appeared that once the trial court ruled on the pending motion for new trial, the second judgment would be appealable.[5] This *526 court further noted that we could consider the correctness of any interlocutory rulings, such as the denial of C & F’s dilatory exception of unauthorized use of summary proceedings, during the appeal process. The trial court subsequently denied C & F’s motion for new trial on March 20, 2013, followed shortly thereafter by C & F’s suspensive appeal of the second judgment, which is currently before us.
ARGUMENTS RAISED ON APPEAL
In this appeal, C & F challenges four trial court rulings: (1) the first judgment signed on October 25, 2011, which was an interlocutory ruling granting partial summary judgment against C & F on the duty to defend (C & F argues that the trial court erred in holding C & F 100% responsible for the defense costs of MAPP); (2) the second judgment signed on September 25, 2012, which is purportedly a final judgment awarding approximately $6.7 million in defense costs, plus interest, to South-gate (C & F argues that the trial court erred by granting a monetary award in a summary proceeding, by denying C & F the opportunity to have a trial by jury on all issues, and by evaluating the reasonableness of attorney’s fees and defense expenses without adequate and authentic evidence); (3) the interlocutory ruling signed on September 27, 2012, denying C & F’s dilatory exception of improper use of summary proceedings (C & F argues that the trial court erred when it decided a declaratory judgment action by way of summary proceeding and by allowing the _J^introduction of affidavits and summary exhibits into evidence); and (4) the March 20, 2013, trial court order denying C & F’s motion for new trial regarding the second judgment (C & F argued the trial court erred as a matter of law by allowing Southgate to recover 100% of the defense costs and by not reducing the award by the amount already collected by Southgate from C & F and other subcontractors’ insurers in the arbitration proceedings).
DISCUSSION

Appellate Jurisdiction

Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Barnett v. Watkins, 2006-2442 (La.App. 1st Cir.9/19/07), 970 So.2d 1028, 1032, writ denied, 2007-2066 (La.12/14/07), 970 So.2d 537. Appellate jurisdiction extends to “final judgments.” La.Code Civ. P. art. 2083. Therefore, this court must determine if the second judgment in this case — purportedly, the only final judgment under review — is properly appealable. We are also mindful that a writ panel of this court issued an action on February 13, 2013, indicating that the second judgment would be appealable if that judgment is considered along with the first judgment, because it “appears” that the two judgments taken together resolve all of the claims between Southgate and C & F in the principal demand for declaratory judgment. See Southgate Residential Towers, LLC and Southgate Penthouses, LLC v. Amerisure Mutual Ins. Co., et al, 2012-1783 (La.App. 1st Cir.2/13/13)(unpublished writ action).
Initially, we are compelled to note that a regular appeal panel has the authority, and indeed the duty, to review, overrule, modify, and/or amend a writ panel’s decision on an issue when, after reconsidering the issue to the extent necessary to determine whether the writ panel’s decision was correct, the appeal panel finds that the writ panel’s decision was in error. Joseph v. Ratcliff, 2010-1342 (La.App. 1st *527 Cir.3/25/11), 63 So.3d 220, 223. Mere doubt as to the ^correctness of the prior ruling by a writ panel is not enough to change the prior ruling; only where it is manifestly erroneous or application of the law-of-the-case doctrine would result in an obvious injustice should we overrule or modify the prior ruling. Id.
Louisiana Code of Civil Procedure article 1915(B) authorizes the appeal of a partial summary judgment as to “one or more but less than all of the claims, demands, issues, or theories” presented where the judgment is designated as a final judgment by the trial court after a determination that there is no just reason for delay. A partial summary judgment rendered pursuant to La.Code Civ. P. art. 966(E) may be immediately appealed during an ongoing litigation only if it has been properly designated as a final judgment by the trial court pursuant to La.Code Civ. P. art. 1915(B). A trial court’s mere signing of an order for appeal from a partial summary judgment does not constitute a proper designation and will not make that judgment immediately appealable. Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc., 2011-0520 (La.App. 1st Cir.11/9/11), 79 So.3d 1054, 1060 n. 7, writ denied, 2012-0360 (La.4/9/12), 85 So.3d 698. In the instant case, the trial court specifically denied C & F’s motion to have the second judgment designated as final.
In reviewing the second judgment appealed by C & F, we observe that it concerns Southgate’s motion to determine the amount of attorney’s fees owed by C & F as it relates to the first judgment rendered against C & F, as well as South-gate’s alternative motion for partial summary judgment as assignee on the claims for defense costs paid by Bituminous on behalf of MAPP. However, the language of the second judgment does not specify which motion the trial court actually granted or the basis for the declaratory relief. Rather, the second judgment simply states that judgment is “entered ... in favor of [Southgate] as assignees of the claims of [Bituminous and MAPP] against [C & F] in the principal amount of [$6,700,616.16] plus interest.” (Emphasis added.) No parties were dismissed and |inno claims were terminated in the second judgment; it merely adjudicates the amount owed by C & F to Southgate as assignee of MAPP and Bituminous’s claim for reimbursement of defense costs incurred in defending MAPP in the insurance litigation and arbitration proceedings originally initiated by Southgate against MAPP.
The record reflects that the second judgment decided only some of the issues in the principal demand between South-gate, as assignee of MAPP and Bituminous, and C & F. Southgate’s incidental claims as intervenor against all of the remaining subcontractor insurers, including C & F, for reimbursement of its own (as opposed to Bituminous and MAPP’s) attorney’s fees and expenses in the Southgate litigation and arbitration proceedings, is still outstanding.[6] Additionally, the parties acknowledged at oral argument before this court that many issues remain. Since the second judgment obviously adjudicates *528 fewer than all of the claims raised in Southgate’s declaratory judgment actions against C & F, both as assignee of MAPP and Bituminous in the principal demand and as intervenor in the incidental demand, and the judgment was not certified as final by the trial court, we find that the second judgment is not an appealable final judgment.
Nevertheless, an appellate court has broad discretion to convert an appeal of a non-final judgment into a supervisory writ application in order to review the trial court’s judgment when it appears the judgment was arguably incorrect and in the interest of judicial economy, it should be corrected. See Stelluto v. Stelluto, 2005-0074 (La.6/29/05), 914 So.2d 34, 39. Because C & F initially filed a timely supervisory writ application and we find clear error in the trial court’s second judgment that will create a grave injustice if not corrected, we will convert this Inappeal to an application for a supervisory writ, grant the writ, and review the second judgment rendered on September 25, 2012. All other trial court rulings currently at issue in this matter are interlocutory and we decline to address those rulings on supervisory review, since any justiciable issues that remain in the adverse interlocutory rulings may properly be considered by this court in any subsequent unrestricted appeal of a final or otherwise appealable judgment properly rendered in this matter. See Spiers v. Roye, 2004-2189 (La.App. 1st Cir.8/8/07), 965 So.2d 489, 496; Judson v. Davis, 2004-1699 (La.App. 1st Cir.6/29/05), 916 So.2d 1106, 1112-13, writ denied, 2005-1998 (La.2/10/06), 924 So.2d 167.
Review of the Hybrid September 25, 2012 Judgment[7]
We begin our review of the second judgment by noting that Southgate sought declaratory relief in both the principal demand (when Southgate substituted as plaintiff in the petition for declaratory judgment that was originally brought by Bituminous and MAPP) and in the incidental demand (when Southgate intervened in Bituminous and MAPP’s declaratory judgment action).[8] The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. Boyer v. Boyer, 96-0346 (La.App. 1st Cir.1/23/97), 691 So.2d 1234, 1242 n. 12, writ denied, 97-1415 (La.9/26/97), 701 So.2d 984; Gulotta v. Cutshaw, 258 So.2d 555, 558 (La.App. 1st Cir.1972), reversed on other grounds, 283 So.2d 482 (La.1973). A judgment that makes a specific award of relief goes beyond the scope of a declaratory judgment. La.Code Civ. P. art. 1871, Official Revision Comments. See Boyer, 691 So.2d at 1242 n. 12.
112The conventional type of judgment embodies two elements: (1) an ascertainment or declaration of the rights of the parties; and (2) a specific award of relief. The declaratory judgment embodies only the first element. La.Code Civ. P. art. 1871, Official Revision Comments. See also Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass’n, 93-2287 (La.App. *529 1st Cir.3/3/95), 652 So.2d 686, 689, writ not considered, 95-0853 (La.4/21/95), 653 So.2d 555. In Southgate’s petition for declaratory judgment as an intervening plaintiff— the incidental demand — Southgate prayed for a declaration that the subcontractor insurers “have a contractual duty to pay and reimburse the costs of attorney’s fees of Southgate as an additional insured[,]” and further asked that the trial court grant “all damages, attorney[’s] fees, costs, penalties and all other relief allowed by law.” Clearly, the incidental demand in Southgate’s petition for declaratory judgment as an intervening plaintiff includes a prayer for further relief in the form of damages, attorney’s fees, and costs, but not interest. See Avants v. Kennedy, 2002-0830 (La.App. 1st Cir.12/20/02), 837 So.2d 647, 655, writ denied, 2003-0203 (La.4/4/03), 840 So.2d 1215 (if the declaratory judgment pleadings set forth the supplementary relief sought, the issue of entitlement to such relief is properly before the court).
In contrast, the prayer for relief in Southgate’s claim as assignee (and as substituted plaintiff) in MAPP and Bituminous’s original petition for declaratory judgment — the principal demand — does not involve a request for further or supplemental relief in the form of damages, attorney’s fees, costs, or interest. In that prayer, Southgate, as assignee, requests a declaration that the subcontractor insurers “have a contractual duty to pay the cost of defending MAPP as an additional insured under [the subcontractor insurers’] insurance policies issued to the [subcontractors], and requiring [the subcontractor insurers] to pay and reimburse [Southgate as assignee] for [Bituminous’s] cost [of] defending MAPP in the litigation involving the construction of [Southgate], including both the | ^arbitration proceedings and the civil suits[,]” and further asked “for any other general or equitable relief that the court may find proper and just.” Accordingly, an award for defense costs was not requested in Southgate’s (as assignee) principal demand, and was therefore, improperly considered by the trial court. See Avants, 837 So.2d at 655. See also, Thompson v. Copolymer Intern. Inc., 446 So.2d 1339, 1341 (La.App. 1st Cir.), writs denied, 449 So.2d 1041, 1344, and 1347 (La.1984).
The second judgment explicitly referenced Southgate as assignee in the principal demand, not as intervening plaintiff in the incidental demand. Thus, it is clear that the second judgment’s award of approximately $6.7 million, plus interest, to Southgate as assignee in the principal demand went well beyond the scope of the prayer for “any other general or equitable relief’ sought in the original petition for declaratory judgment. See State Through Louisiana Riverboat Gaming Com’n v. Louisiana State Police Riverboat Gaming Enforcement Div., 95-2355 (La.App. 1st Cir.8/21/96), 694 So.2d 316, 322. We note that the principal demand has never been amended to request damages, attorney’s fees, or interest. Since there was never a demand for a monetary award or interest in the original petition for declaratory judgment, we conclude the trial court legally erred and abused its discretion in ordering a monetary award in the hybrid second judgment. See Darbonne v. Exxon Corp., 94-1935 (La.App. 1st Cir.6/23/95), 657 So.2d 598, 602. For that reason, we find it necessary to vacate the September 25, 2012 judgment.
Additionally, we find another factor supportive of our decision to vacate the hybrid second judgment. The ultimate issue before the trial court was the reasonableness of the attorney’s fees and legal expenses in the Southgate litigation and arbitration proceedings, which is extremely fact intensive. See In re Succession of *530 Bankston, 2002-0548 (La.App. 1st Cir.2/14/08), 844 So.2d 61, 64, writ denied, 2003-0710 (La.5/9/03), 843 So.2d 400. Southgate moved for partial |14summary judgment to establish the amount and reasonableness of the defense costs. However, it is not the trial court’s function on a motion for summary judgment to determine or even inquire into the merits of disputed factual issues that require credibility determinations. Id. In its pleadings, C & F disputed the accuracy and reasonableness of the defense costs, Southgate bore the initial burden of proof on its claims, but it did not introduce sufficient evidence regarding the accuracy and reasonableness of the attorney’s fees and expenses that it claimed were due and owing by C & F. Thus, we find that Southgate failed to demonstrate that no genuine issues of material fact exist as to the accuracy and reasonableness of the defense costs. Because it did not carry its burden on the motion for partial summary judgment, the burden never shifted to C & F. See La.Code Civ. P. art. 966; Pugh v. St. Tammany Parish School Bd., 2007-1856 (La.App. 1st Cir.8/21/08), 994 So.2d 95, 98-100, writ denied, 2008-2316 (La.11/21/08), 996 So.2d 1113 (it is only after a motion for summary judgment has been made and properly supported that the burden shifts to the non-moving party). Further, we note that the trial court allowed testimony from several witnesses, but testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Hemphill v. Strain, 341 So.2d 1186, 1188 (La.App. 1st Cir.1976), unit denied, 343 So.2d 1072 (La.1977).
Consequently, if we consider the hybrid second judgment as a summary judgment, then we must conclude that the trial court erred as a matter of law in granting summary judgment in favor of Southgate, thereby preventing a full evidentiary hearing on all genuine issues of material fact regarding the reasonableness of the attorney’s fees and defense costs in the insurance litigation and arbitration proceedings. We also recognize there are many other factual issues that remain regarding the defense costs related to the insurance litigation and the entire Southgate project litigation, and possible credits for attorney’s fees previously paid in connection with the arbitration proceedings that are documented |lsin the record. It is fundamental that a declaratory judgment can be rendered only after the holding of a trial on the merits if the determination involves an issue of fact. La.Code Civ. P. art. 1879; Thompson, 446 So.2d at 1341.
Finally, we conclude that if the hybrid second judgment was actually based on Southgate’s motion to determine the amount of attorney’s fees due and owing by C & F rather than the motion for partial summary judgment, then the trial court committed legal error in granting the judgment. None of the matters in which the Code of Civil Procedure authorizes the use of summary proceedings (by rule to show cause) includes a determination of attorney’s fees in a separate controversy. Under La.Code Civ. P. art. 2592(A), summary proceedings may be used for the trial of incidental questions arising in the course of litigation. In this case, the dispute over which insurers owe the duty to pay/reimburse for defense costs arose as a result or consequence of the Southgate insurance litigation and arbitration proceedings, but the attorney’s fee dispute is a separate controversy unrelated to that litigation. See Pittman Const. Co. v. Housing Authority of New Orleans, 248 La. 471, 481, 179 So.2d 900, 903 (1965). Summary proceedings cannot be used to fix and recover attorney’s fees; an ordinary process is required for that purpose. See La.Code Civ. P. arts. 2591 and 2592; Id. Likewise, a claim for declaratory relief is not a summary proceeding; it requires a trial on the merits where each *531 party has an opportunity to present evidence in a form other than verified pleadings and affidavits. See La.Code Civ. P. arts. 1879 and 2592; Apasra Properties, LLC v. City of New Orleans, 2009-0709 (La.App. 4th Cir.2/11/10), 31 So.3d 615, 626-27. Therefore, a merits trial as to whether Southgate is entitled to the relief it seeks as assignee of MAPP and Bituminous, and as intervenor, is required.
CONCLUSION
For the reasons assigned, we conclude that the September 25, 2012 judgment awarding Southgate approximately $6.7 million for defense costs, plus interest, is 11finot an appealable final judgment; therefore, we convert this appeal to an application for supervisory review and we grant the writ. Exercising our supervisory jurisdiction, we find the trial court legally erred in granting the September 25, 2012 judgment in favor of Southgate. Thus, we hereby vacate the September 25, 2012 judgment, and we remand this matter to the trial court for further proceedings consistent with this opinion. All other issues raised by C & F are pretermitted at this time, but may be properly considered by this court in any subsequent appeal of a final or otherwise appealable judgment that is rendered following our remand for further proceedings consistent with the views expressed herein. Southgate is assessed with the costs of this converted application for supervisory review.
APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY REVIEW; WRIT GRANTED; SEPTEMBER 25, 2012 JUDGMENT VACATED; AND REMANDED.
KUHN, J., concurs and assigns reasons.

. In the insurance litigation, Southgate filed suit against MAPP, Bituminous, and each of the subcontractor insurers, requesting that each of the subcontractor insurers and Bituminous pay Southgate’s legal expenses relating to the damages Southgate had incurred in connection with the alleged defective scope of work performed by each of the subcontractors on the Southgate project. The insurance litigation was consolidated with another pending matter, where one of the subcontractors (M & R Drywall, Inc.) filed suit against MAPP and Southgate for nonpayment of work performed. The consolidated actions were pending before the Honorable Wilson Fields in the Nineteenth Judicial District Court. Southgate Residential Towers, LLC and Southgate Penthouses, LLC v. MAPP Construction, Inc., et al c/w M & R Drywall, LLC v. MAPP Construction, LLC, Southgate Towers, LLC, and R.W. Day & Assoc., Inc., Docket 550,534 c/w 529,-531. A few months prior to Southgate's filing of the insurance litigation, MAPP and the . subcontractors initiated an arbitration proceeding against Southgate, seeking payment for work on the Southgate project. On November 9, 2007, this court ordered a stay of all proceedings relative to the insurance litigation pending resolution of the arbitration proceeding. M & R Drywall, Inc. v. MAPP Construction, LLC, Southgate Towers, LLC and R.W. Day and Associates, 2007-2148 (La.App. 1st Cir. ll/9/07)(unpublished writ action). A final arbitration award in favor of Southgate and against various subcontractors was subsequently affirmed by a trial court judge in a different division of the Nineteenth Judicial District Court on February 1, 2012.

. See MAPP Const., LLC and Bituminous Cas. Corp. v. Amerisure Mutual Ins. Co., et al., 2011-2050 (La.App. 1st Cir.2/29/12) (unpublished writ action).

. See MAPP Const., LLC and Bituminous Cas. Corp. v. Amerisure Mutual Ins. Co., et al., 2012-0727 (La.5/18/12), 89 So.3d 1194 (unpublished writ action).

. A hearing was held on June 25, 2012, on Southgate’s motion to determine the amount of attorney fees, but the trial court took Southgate's motion under advisement and deferred ruling on C & F’s pending exception as to the unauthorized use of summary proceedings at that time.

. See Southgate Residential Towers, LLC and Southgate Penthouses, LLC v. Amerisure Mutual Ins. Co., et dl., 2012-1783 (La.App. 1st Cir.2/13/13) (unpublished writ action). In a related action on the same day, this court also denied C & F’s application for a supervisory writ concerning the trial court’s denial of C & F’s request to have the second judgment designated as final for purposes of an immediate appeal. See Southgate Residential Towers, LLC and Southgate Penthouses, LLC v. Atneri-sure Mutual Ins. Co., et al, 2012-1898 (La. *526 App. 1st Cir.2/13/13) (unpublished writ action).

. Southgate’s petition for intervention alleges that Southgate has a justiciable interest in the principal declaratory judgment action brought by MAPP and Bituminous, because the subcontractor insurers “have a contractual duty to pay the costs of defending South-gate as an additional insured[.]” Southgate further alleges that "[a]ll of the plaintiffs are seeking costs to reimburse the attorney fees[;]” specifically seeking payment of attorney’s fees arising out of the arbitration proceeding and the insurance litigation. South-gate’s petition for declaratory judgment as intervenor essentially contains the same allegations.

. Since the second judgment did not specifically indicate whether the trial court was granting relief based on Southgate's motion for partial summary judgment as opposed to Southgate’s motion to determine the amount of attorney’s fees due and owing by C & F, we refer to the second judgment as a "hybrid” judgment. Cf. Thompson v. Copolymer Intern. Inc., 446 So.2d 1339, 1341 (La.App. 1st Cir.), writs denied, 449 So.2d 1041, 1344, and 1347 (La.1984).

. Incidental demands include petitions for intervention. La.Code Civ. P. art. 1031(B).