**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**18-599
consolidated with 18-510**

**AMALEETA O'NEAL, ET AL.**

**VERSUS**

**FOREMOST INSURANCE COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 254,445
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**PHYLLIS M. KEATY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Phyllis M. Keaty, Judges.

**REVERSED AND REMANDED.**

**Michael L. Glass**
**Attorney at Law**
**1733 White Street**
**Alexandria, Louisiana 71301**
**(318) 484-2917**
**Counsel for Plaintiffs/Appellees:**
      **Amaleeta O'Neal**
      **Jeffery O'Neal**

**Daniel G. Brenner**
**Christina S. Slay**
**Bolen, Parker, Brenner, Lee & Engelsman, Ltd.**
**Post Office Box 11590**
**Alexandria, Louisiana 71315-1590**
**(318) 445-8236**
**Counsel for Defendant/Appellant:**
      **RLN Investments, LLC**

**Randall B. Keiser**
**Matthew L. Nowlin**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**Alexandria, Louisiana  71315-2358**
**(318) 443-6168**
**Counsel for Defendant/Appellee:**
      **Don Van Cleef**

**Stacy Christopher Auzenne**
**Auzenne Law Firm, L.L.C.**
**Post Office Box 11817**
**Alexandria, Louisiana  71315-1817**
**(318) 880-0087**
**Counsel for Defendant/Appellee:**
      **Messina Realty, LLC**

**Ashley E. Gilbert**
**CNA Coverage Litigation Group**
**One Galleria Boulevard, Suite 1502**
**Metairie, Louisiana  70001**
**(504) 841-5083**
**Counsel For Defendant/Appellee:**
      **Continental Casualty Company**

**KEATY, Judge.**

RLN Investments, LLC, appeals the trial court's grant of a declaratory judgment in favor of Don Van Cleef on the issue of defense and indemnity. For the following reasons, the trial court's judgment is reversed, and this matter is remanded to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This appeal involves the interpretation of a defense and indemnity clause in a property management agreement. For brevity, we hereby incorporate and adopt the facts and procedural history stated in the consolidated and companion case hereto, *O'Neal v. Foremost Insurance Co.*, 18-510 (La.App. 3 Cir. __/__/__), __ So.3d __. In that case, we reversed and remanded the trial court's grant of summary judgment in favor of Messina Realty, L.L.C.

On appeal in this matter is the trial court's grant of Van Cleef's declaratory judgment. The record herein reveals multiple judgments were rendered regarding the trial court's grant of Van Cleef's declaratory judgment. Specifically, counsel for Van Cleef filed a proposed judgment that included both RLN Investments and Nation, individually. That judgment was signed by the trial court on February 20, 2018, and provides the following:

(1) During all times relevant to the above-referenced litigation, Don Van Cleef was acting within the course and scope of his employment with Messina Realty, LLC, in managing the property located at 207 Nation Road, Deville, Louisiana;

(2) That Don Van Cleef is entitled to defense and indemnity from RLN Investments, LLC and/or Ronald Nation pursuant to the Property Management Agreement between RLN Investments, LLC and Messina Realty, LLC, annexed as Exhibit "A" to this Judgment; and

(3) That the declaratory judgment filed by Don Van Cleef against Messina Realty, LLC is pretermitted as moot, based on the

Court's ruling regarding indemnification and defense owed by RLN Investments, LLC and/or Ronald Nation to Don Van Cleef.

Another proposed judgment submitted by RLN Investments' counsel, which did not include Nation and designated it final and appealable, was signed by the trial court on February 23, 2018.

In light of the trial court's signing of two conflicting judgments, RLN Investments' counsel filed a Motion to Vacate the February 20, 2018 judgment. The hearing occurred on March 29, 2018, at which time the trial court, on its own motion, moved to vacate and strike from the record the February 23, 2018 judgment. Pursuant to the trial court's judgment rendered on April 11, 2018, it amended the judgment signed on February 20, 2018 to remove any reference to "'and/or Ronald Nation.'"

Thereafter, RLN Investments filed an Application for Supervisory Writ seeking relief from the February 20, 2018 judgment. On May 1, 2018, this court denied the writ application, asserting that an adequate remedy exists by appeal as a judgment rendered on a Petition for Declaratory Judgment has the force and effect of a final judgment. *O'Neal v. Foremost Ins. Co.*, 18-274 (La.App. 3 Cir. 5/1/18) (unpublished writ). RLN Investments appealed.

On appeal, RLN Investments asserts the following assignments of error:

1. Whether the Honorable Lower Court abused its discretion in granting the Petition for Declaratory Judgment finding that Don Van Cleef, is entitled to defense and indemnity from RLN Investments, LLC, when the record demonstrated that Messina Realty, LLC, and/or its agent, Don Van Cleef, breached the Property Management Agreement between RLN Investments, LLC, and Messina Realty, LLC, thus rendering the indemnity clause therein void.

2. Whether the Honorable Lower Court abused its discretion in granting the Petition for Declaratory Judgment finding that Don Van Cleef, is entitled to defense and indemnity from RLN

Investments, LLC, when the record demonstrated that there are questions concerning the knowledge of Messina Realty, LLC, or its agent, Van Cleef, about the alleged defective condition of the tree in question and their failure to take actions upon obtaining this knowledge, thereby, breaching the terms of the Property Management Agreement or acting negligently in the management of the property owned by RLN Investments, LLC.

3.      Whether the indemnity clause in the Property Management Agreement encompasses the negligence of Messina Realty, LLC, and/or Don Van Cleef.

Van Cleef filed an Answer to Appeal on August 9, 2018, asserting the following: "If, and only if, the original Judgment is reversed, Van Cleef respectfully requests the Declaratory Judgment against Messina be granted and Messina be cast as vicariously liable for any and all actions of Van Cleef, in the event Judgment is rendered in favor of Plaintiff O'Neal." Both Van Cleef and RLN Investments filed appellate briefs, with Messina Realty adopting Van Cleef's appellate brief in connection with the instant appeal.

## STANDARD OF REVIEW

In *Campbell v. Evangeline Parish Police Jury*, 14-1301, pp. 3-4 (La.App. 3 Cir. 5/6/15), 164 So.3d 408, 412, *writ denied*, 15-1067 (La. 9/11/15), 176 So.3d 1043, this court stated the following:

> [T]he function of a declaratory judgment is to establish the rights of the parties or to express the court's opinion on a question of law without ordering any relief. *MAPP Constr., LLC v. Amerisure Mut. Ins. Co.*, 13-1074 (La.App. 1 Cir. 3/24/14), 143 So.3d 520. "Trial courts are vested with wide discretion in deciding whether or not to grant or refuse declaratory relief." *In re Interment of LoCicero*, 05-1051, p. 4 (La.App. 4 Cir. 5/31/06), 933 So.2d 883, 886. However, where the judgment would terminate an uncertainty or controversy which gave rise to the proceeding, the trial court must render a declaratory judgment. *Id*; *See also* La.Code Civ.P. art. 1876. Accordingly, the appellate court is limited to a determination of whether the trial court abused its discretion in its grant of or refusal to render a declaratory judgment. *Id*.

3

## DISCUSSION

For the reasons set forth in the companion and consolidated case hereto, *O'Neal v. Foremost Insurance Company*, 18-510 (La.App. 3 Cir. __/__/__), __ So.3d __, the trial court's judgment granting Van Cleef's Petition for Declaratory Judgment is reversed, and this matter is remanded.

## DECREE

For the above reasons, the trial court's judgment in favor Don Van Cleef is reversed. The matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED.**