STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0796
& 2019 CW 0272

DARRIN MORGAN AND KIMBERLY KAY MORGAN,
ON BEHALF OF THEIR MINOR CHILD, LM, F/K/A MK[1]

VERSUS

STATE OF LOUISIANA THROUGH DEPARTMENT OF
CHILDREN AND FAMILY SERVICES,
LEONARD BURTON AND CHRISTEL BURTON

Judgment Rendered: **FEB 2 1 2020**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 617,761

Honorable Todd W. Hernandez, Judge Presiding

* * * * *

| | |
|---|---|
| Steve C. Thompson<br>James F. d'Entremont<br>Stephanie E. Robin<br>Baton Rouge, LA | Attorneys for Plaintiffs-Appellees,<br>Darrin and Kimberly Morgan, on<br>behalf of their minor child,<br>LM, f/k/a MK |
| Honorable Jeff Landry<br>Attorney General<br>Ross A. Dooley<br>Special Assistant Attorney General<br>Baton Rouge, LA | Attorneys for Defendant-Appellant,<br>State of Louisiana through The<br>Department of Children and Family<br>Services |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

---

[1] In accordance with La. R.S. 46:1844(W), we use the initials for the minor victim throughout this opinion.

**HIGGINBOTHAM, J.**

This case is on appeal by one of the defendants, the State of Louisiana through the Department of Children and Family Services ("DCFS"), from a judgment of the district court granting a motion for partial summary judgment as to liability in favor of the plaintiffs, Darrin and Kimberly Morgan, on behalf of their minor child, LM, f/k/a MK (collectively referred to as "the Morgans"). In the same judgment, which was certified as final, the district court denied DCFS's motion for leave to file a second supplemental and amending answer to set forth an additional affirmative defense of statutory immunity. DCFS applied for a writ of supervisory review concerning the denial of its motion to amend the answer. This court referred the writ, 2019 CW 0272, to this panel to be considered with the appeal of the summary judgment that was rendered against DCFS.

## BACKGROUND

Darrin and Kimberly Morgan are the adoptive parents of LM. On December 14, 2012, the Morgans filed suit against DCFS and LM's former foster parents, Leonard and Christel Burton. In the petition, the Morgans sought damages on behalf of LM, alleging that she had suffered extensive injuries while in the custody of DCFS and while fostered by the Burtons. The Morgans alleged that DCFS was negligent in numerous ways, including failing to adequately screen LM's foster parents, failing to investigate, failing to train, and failing to follow its own policies and procedures. The Morgans also claimed that while LM was in DCFS's legal custody, DCFS had a non-delegable duty to provide for LM's physical, mental, moral, and emotional well-being and to protect her from harm, including the alleged intentional and/or negligent abuse and/or mistreatment by the Burtons. DCFS initially answered the petition on February 27, 2013, and on May 26, 2015, DCFS filed its first motion for leave to amend its answer to add additional affirmative defenses. The Burtons

2

answered the Morgans' petition by generally denying all of the allegations of abuse and negligence while they were foster parents for LM.

Three years later, on October 10, 2018, the Morgans filed a motion for partial summary judgment against DCFS on the issues of liability and causation.[2] Prior to filing its opposition to summary judgment, DCFS filed a motion for leave to file its second supplemental and amending answer in order to add the affirmative defense of statutory immunity. The Morgans opposed DCFS's motion for leave. DCFS filed an opposition to the Morgans' motion for partial summary judgment. Both motions were heard by the district court on January 14, 2019, and the matter was taken under advisement.

On January 29, 2019, the district court issued written reasons for judgment, denying DCFS's motion for leave and finding that DCFS had no statutory immunity from liability for the alleged fault of the foster parents. Further, the district court granted the Morgans' motion for partial summary judgment, finding that the evidence submitted to the court failed to create a genuine issue of material fact as to the liability of DCFS. A judgment reflecting the district court's ruling as to both motions was signed on March 29, 2019, with a designation that the judgment was final and appealable. DCFS timely moved for a suspensive appeal without bond on the grant of summary judgment as to DCFS's liability, as well as timely filed a writ application with this court concerning the denial of its motion for leave to amend its answer. Accordingly, DCFS sought both supervisory review and appellate review of the same ruling of the trial court. The writ was referred to this appeal panel on July 11, 2019, to be considered with the appeal.

After the record was lodged in this court, we issued a rule, *ex proprio motu,* ordering the parties to show cause by briefs why the instant appeal should not be

---

[2] The Morgans' claims against the Burtons were not included in the motion for partial summary judgment at issue in this appeal. Further, the Morgans argued that the only issue against DCFS that needed to be determined at a trial was the amount of damages to be awarded.

3

dismissed as having been taken from a non-final judgment that was ambiguous as to the specific relief granted. The judgment did not specifically state which of the defendants the Morgans' summary judgment was rendered against. Thus, on its face, the March 29, 2019 judgment was defective, because the specific relief granted could not be determined from the judgment without reference to extrinsic sources such as the Morgans' motion and the district court's written reasons. DCFS and the Morgans responded to this court's order, recognizing that the March 29, 2019 judgment was defective and advising that, in an attempt to cure the defect, DCFS had procured an amended judgment, which was signed by the district court on July 20, 2019. The amended judgment, which was attached to DCFS's brief filed in response to our rule to show cause, clarified that the Morgans' summary judgment was granted against DCFS and not the Burtons. However, the amended judgment was silent as to DCFS's motion for leave to amend its answer. The amended judgment further ordered that it shall supersede the original March 29, 2019 judgment as to the Morgans' motion for partial summary judgment only. This court's clerk's office supplemented the appellate record with the amended judgment, and the rule to show cause was referred to this panel to consider with the appeal.

## ANALYSIS

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. See **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction extends only to "final judgments." See La. Code Civ. P. art. 2083(A); **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La. App. 1st Cir. 11/19/19), ___ So.3d ___, ___, 2019 WL 6167832, **3. A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045 (La. App. 1st Cir.

4

12/20/02), 836 So.2d 364, 365. Moreover, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **3. Additionally, these determinations should be evident from the language of the judgment without reference to other documents in the record. **Advanced Leveling**, 268 So.3d at 1046. In a case with multiple parties, the failure to name the plaintiff(s) or defendant(s) for or against whom the judgment is rendered makes the judgment fatally defective since it cannot be discerned from the face of the judgment for or against whom the judgment may be enforced. See **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **3.

This court's June 27, 2019 rule to show cause provided the parties an opportunity to be heard and ordered the parties to show cause by briefs whether the appeal should be dismissed for lack of a final judgment. The parties recognized the defect in the March 29, 2019 judgment and attempted to cure the defect by seeking an amended judgment from the district court. The district court signed an amended judgment on July 10, 2019. However, the jurisdiction of the district court over the matters reviewable under the appeal was divested upon the granting of the order for appeal. See La. Code Civ. P. art. 2088(A); **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **4. An appellate court has the sole authority to determine whether an appeal is properly before it once the district court's jurisdiction has been divested. **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **4.

Any order or judgment rendered subsequent to the order granting an appeal is null if that order or judgment purports to address a matter that is at the time reviewable under the appeal. **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **5. The district court has no authority to correct a judgment after it is divested of jurisdiction other than correct any misstatements, irregularities or informalities, or

5

omissions of the district court record. See La. Code Civ. P. art. 2132; **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **5. Therefore, even when an appellate court ultimately determines that it lacks appellate jurisdiction, the district court is divested of jurisdiction over the issues and the parties upon the signing of the order of appeal. **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **5.

In this case, the parties attempted to cure the defect in the March 29, 2019 judgment by seeking an amended judgment from the district court after the order of appeal was signed on April 26, 2019, when the district court was divested of jurisdiction. However, in view of this court's *en banc* decision in **Advanced Leveling**, 268 So.3d at 1046, this matter was not remanded by this court, nor did we issue an interim order vesting limited jurisdiction in the district court to amend the judgment and supplement the record on appeal. Thus, because there is no authority for the district court to correct a judgment after it is divested of jurisdiction, the July 10, 2019 amended judgment is null and not properly before us. See **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **5.

After reviewing the parties' responses to the directives set forth in this court's show cause order, we conclude that the parties have failed to establish or otherwise show by briefs that the March 29, 2019 judgment is a valid final judgment. In fact, the parties concede in their responses that the judgment is not final and appealable since it lacks sufficient decretal language ascertainable from the four corners of the judgment. In the absence of a valid final judgment clearly stating the party or parties in favor of whom the ruling is ordered and the exact relief granted or denied by the judgment, we are constrained to conclude that this court lacks subject matter jurisdiction and the appeal must be dismissed. **Marrero**, ___ So.3d at ___, 2019 WL 6167832 at **6; **Advanced Leveling**, 268 So.3d at 1046-47. Accordingly, we dismiss the appeal and remand this matter to the district court for further proceedings. See **Marrero**, ___ So.3d ___, 2019 WL 6167832 at **6.

6

Additionally, while DCFS requested that we review the March 29, 2019 judgment under this court's supervisory jurisdiction, we note that we generally refrain from the exercise of our supervisory jurisdiction when an adequate remedy exists by appeal upon the entry of a final judgment containing the requisite precise, definite, and certain decretal language necessary for appellate review. Thus, we decline to exercise our discretion to convert this appeal of a non-final judgment to an application for a supervisory writ of review. See **Advanced Leveling**, 268 So.3d at 1046. Moreover, we deny DCFS's writ application concerning the district court's denial of DCFS's motion for leave to amend its pleadings. That interlocutory ruling was contained in the same defective March 29, 2019 judgment that is not appealable. An interlocutory ruling may be revisited by the district court at any time, and DCFS may obtain adequate relief upon appellate review of any adverse interlocutory rulings along with review of the merits of the case after an appealable final judgment has been rendered. See **MAPP Const., LLC v. Amerisure Mut. Ins. Co.**, 2013-1074 (La. App. 1st Cir. 3/24/14), 143 So.3d 520, 528. See also **Deloitte Tax LLP v. Amedisys, Inc.**, 2017-1568 (La. App. 1st Cir. 5/16/18), 2018 WL 2250582, *2 (unpublished).

## CONCLUSION

For the stated reasons, DCFS's writ application is denied and this appeal of the March 29, 2019 judgment is dismissed. This matter is remanded to the district court for further proceedings. We decline to assess costs pending the rendition of a final judgment.

**WRIT DENIED; APPEAL DISMISSED; REMANDED.**