# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 19-351

**BRIAN MULLEN**

**VERSUS**

**STATE FARM MUTUAL AUTO INSURANCE COMPANY, STARR INDEMNITY & LIABILITY COMPANY, GEICO CASUALTY COMPANY, AND VINCENT C. ROCO**

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NUMBER 2016-2314
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**

**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**APPEALS DISMISSED
WITHOUT PREJUDICE.**

Ralph G. Breaux
Nathan Gaudet
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
(504) 212-8820
Counsel for Defendant/Appellant:
      Starr Indemnity & Liability Company

**Richard D. Chappius, Jr.**
**Voorhies & Labbé**
**700 St. John Street, 5th Floor**
**Lafayette, Louisiana  70501**
**(337) 232-9700**
**Counsel for Defendant/Appellant:**
        **Axis Surplus Insurance Company**

**Duane L. Cochenour**
**Hall, Booth & Smith, PC**
**191 Peachtree Street, NE Ste. 2900**
**Atlanta, Georgia  30303**
**(404) 954-5000**
**Counsel for Defendant/Appellant:**
        **Axis Surplus Insurance Company**

**Gregory Marceaux**
**Marceaux Law Firm, LLC**
**2901 Hodges Street**
**Lake Charles, Louisiana  70601**
**(337) 310-2233**
**Counsel for Plaintiff/Appellee:**
        **Brian Mullen**

**Joseph R. Pousson, Jr.**
**Plauche, Smith & Nieset, LLC**
**1123 Pithon Street**
**Lake Charles, Louisiana  70601**
**(337) 436-0522**
**Counsel for Defendants/Appellees:**
        **State Farm Mutual Automobile Insurance Company**
        **Vincent C. Roco**

**David P. Salley**
**Stephen C. Resor**
**Amy D. Hotard**
**Salley, Hite, Mercer & Resor, LLC**
**One Canal Place**
**365 Canal Street, Suite 1710**
**New Orleans, Louisiana  70130**
**(504) 566-8800**
**Counsel for Intervenor:**
        **Great American Assurance Insurance Company**

**Benjamin H. Vaughan**
**Ryan Smith**
**White & Williams, LLP**
**1650 Market Street**
**One Liberty Place, Suite 1800**
**Philadelphia, Pennsylvania 19103**
**(215) 864-6804**
**Counsel for Intervenor:**
      **Great American Assurance Insurance Company**

**John P. Wolff, III**
**Collin J. LeBlanc**
**Sydnee D. Menou**
**Keogh, Cox & Wilson, Ltd.**
**701 Main Street**
**Baton Rouge, Louisiana 70802**
**(225) 383-3796**
**Counsel for Defendant/Appellant:**
      **Scottsdale Insurance Company**

**GREMILLION, Judge.**

Defendants/Appellants, Scottsdale Insurance Company (Scottsdale), Starr Indemnity & Liability Company (Starr), and Axis Surplus Insurance Company (Axis), filed three separate appeals seeking review of a January 9, 2019 judgment which denied the various motions for summary judgment filed on behalf of these three insurance companies and granted the motion for summary judgment filed on behalf of Plaintiff, Brian Mullen (Mullen).

## FACTS AND PROCEDURAL HISTORY

This suit arises out of an automobile accident that occurred on January 26, 2016, in Calcasieu Parish, Louisiana. At the time of the accident, Mullen was employed by Stafford Transport of Louisiana, Inc. (Stafford Transport), and was driving an eighteen-wheeler owned by Stafford Transport. Defendant, Vincent C. Roco (Roco), allegedly lost control of his Toyota Corolla due to heavy rain, entered Mullen's lane of travel, and stuck the eighteen-wheeler, causing it to overturn. Mullen filed suit against Roco and his insurer, State Farm Mutual Auto Insurance Company (State Farm), as well as Starr, Axis, and Scottsdale, which are the alleged uninsured/underinsured motorist (UM) carriers for Mullen's employer.

Starr, Axis, and Scottsdale each filed motions for summary judgment arguing that Georgia law applied. Axis and Scottsdale also alleged that their policies provided no coverage to Mullen for this accident because UM coverage had been validly waived pursuant to Georgia law. Starr filed an additional motion for summary judgment seeking a ruling that it is entitled to a credit for all amounts paid, and to be paid, to or on behalf of Mullen by the workers' compensation insurer, Great American Assurance Insurance Company (GAAIC). Mullen then filed a motion for summary judgment seeking a ruling that Louisiana law applies because he is a Louisiana resident and because the accident happened in Louisiana. Mullen

also sought a ruling that the policies provided UM coverage for this accident because any waivers of UM coverage were invalid under Louisiana law.

Following a hearing, the trial court denied the insurers' motions and granted Mullen's motions. A judgment to that effect was signed on January 9, 2019, and provided, in pertinent part, as follows:

> IT IS HEREBY ORDERED, ADJUDGED and DECREED[] that there be judgment rendered in favor of . . . Mullen, and against defendants, Starr [], Axis [], and Scottsdale [], finding that Louisiana law applies to the . . . [i]nsurance policies.

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment rendered in favor of . . . Mullen, and against defendant, Starr [], granting the motion for partial summary judgment filed by . . . Mullen, finding that [] Mullen is an insured under the Starr [] insurance policy . . . and that the policy of insurance provides $1,000,000 of uninsured/under insured insurance coverage over and above any liability insurance coverage that insures [] Roco.

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment rendered in favor of plaintiff . . ., and against defendant Axis [], granting the motion for partial summary judgment filed by . . . Mullen, finding that [] Mullen is an insured under the Axis [] insurance policy . . . and that the policy of insurance provides $4,000,000 of uninsured/under insured insurance coverage, excess to the primary underlying limit of $1,000,000 of the Starr [] insurance policy and over and above any liability insurance that insures [] Roco.

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment rendered in favor of [] Mullen, and against defendant, Scottsdale [], granting the motion for partial summary judgment filed by . . . Mullen, finding that [] Mullen is an insured under the Scottsdale [] insurance policy . . . and that the policy of insurance provides $5,000,000 of uninsured/under insured insurance coverage, excess to the underlying limit of $4,000,000 of the Axis [] insurance policy and excess to the primary underlying limit of $1,000,000 of the Starr [] insurance policy and over and above any liability insurance that insures [] Roco.

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that the motions for partial summary judgment filed on September 24, 2018[,] and September 25, 2018[,] by defendant, Starr [], are denied.

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that the motion for summary judgment filed on April 30, 2018[,] by defendant, Axis [][,] and the motion for summary judgment filed on September 26, 2018[,] by Scottsdale [] are denied.

IT IS FURTHER ORDERED ADJUDGED and DECREED that this judgment is not deemed a final appealable judgment.

Starr, Axis, and Scottsdale each filed applications for supervisory writs seeking review of this judgment. In their writ applications, these insurers argued that the trial court erred in denying their motions for summary judgment and in granting the motion for partial summary judgment filed on behalf of Mullen. Those writ applications were consolidated, and on May 15, 2019, this court denied them, finding no error in the trial court's ruling. *Mullen v. State Farm Mut. Auto. Ins. Co.*, 19-35, 19-50, and 19-52 (La.App. 3 Cir. 5/15/19) (unpublished writ decision).

In addition to the writ applications, Starr, Axis, and Scottsdale each filed motions for devolutive appeal from the January 9, 2019 judgment, seeking review of the granting of Mullen's motion for partial summary judgment. Orders of appeal were signed by the trial court.[1] Just before the decision on the writ applications was rendered, the record in the appeal was lodged. Because the judgment is partial summary judgment that was specifically declared as not being a final judgment by the trial court, this court ordered Starr, Axis, and Scottsdale to show cause, by brief only, why the appeal should not be dismissed. *See* La.Code Civ.P. art. 1915(B).

"The denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possibly useless trial on the merits is to request that the appellate court exercise its supervisory jurisdiction to review the propriety of this ruling." *Breaux v. Cozy Cottages, LLC*, 14-486, p. 4 (La.App. 3 Cir. 11/12/14), 151 So.3d 183, 187. However, the instant judgment also grants summary judgment in favor of Mullen, finding that Louisiana law applies to the Starr, Scottsdale, and AXIS policies, that

---

[1] The signing of an order of appeal does not equate to a designation that the judgment is final and appealable. *In re Succession of Guilbeau*, 10-1200 (La.App. 3 Cir. 12/1/10), 51 So.3d 185.

Mullen is an insured under the three policies, and that these three policies provide UM coverage to Mullen over and above any liability insurance that insures Roco. It was specifically designated by the trial court as not being a final judgment.

Scottsdale and Axis argue[2] that an ambiguity exists in Louisiana law regarding whether or not the granting of Mullen's motion for partial summary judgment is appealable because where a motion for summary judgment is rendered on an issue that may dispose of an entire case as to a party, it is unclear whether such a judgment falls outside the scope of La.Code Civ.P. art. 966(E) but still within the scope of La.Code Civ.P. art. 1915(A).

Louisiana Code of Civil Procedure Article 1915(A) provides, in pertinent part, that "[a] final may judgment may be rendered . . . even though it may not grant the successful party . . . all the relief prayed for, or may not adjudicated all the issues in the case" under certain circumstances, including the granting of "a motion for summary judgment as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to La.Code Civ.P. art. 966(E). Louisiana Code of Civil Procedure Article 966(E) provides that "summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, . . . even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." Louisiana Code of Civil Procedure Article 1915(B) provides, in pertinent part, that a partial summary judgment "shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay."

In this instance, the granting of Mullen's motion for partial summary judgment resolves the issues of choice of law and applicability of coverage but does

---

[2] Scottsdale filed a response to the rule to show cause, and both Axis and Starr adopted Scottsdale's position.

not dispose of the entire case as to any party because causation and the amount of damages are still at issue. Thus, we find Scottsdale's and Axis' argument to be without merit. The granting of Mullen's motion for partial summary judgment in this case falls squarely within the parameters of La.Code Civ.P. art. 966(E) and is expressly excluded from being considered as a final judgment under La.Code Civ.P. art. 1915(A).

In *Christiana v. S. Baptist Hosp.*, 03-1880, pp. 3-4 (La.App. 4 Cir. 2/4/04), 867 So.2d 809, 811-812 (footnotes omitted), the fourth circuit noted that:

> shortly after *Douglass* [*v. Alton Ochsner Medical Foundation*, 96-2825, (La. 6/13/97), 695 So.2d 953,] was decided, the legislature enacted La. Acts 1997, No. 483, § 2, amending La. C.C. P. arts. 966 and 1915. The amendment to La. C.C.P. art. 966 made it clear that the district court had the authority to grant a partial summary judgment. The amendment to La. C.C.P. art. 1915 made it clear that the grant of a partial summary judgment disposing of a particular issue was no longer considered a final appealable judgment unless the parties agreed that it was final or the trial court designated the judgment as a final judgment, after making an express determination that there was "no just reason for delay." . . . [T]he issue of whether this Court should exercise its supervisory jurisdiction to review such judgments appears to be left to the sound discretion of the court. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981).

In *Terrell v. Town of LeCompte*, 18-311 (La.App. 3 Cir. 5/31/18) (unpublished writ decision), this court denied a writ application filed by the defendants after the trial court granted a partial declaratory summary judgment in favor of the plaintiffs and denied the defendants' cross motion for summary judgment on the same issues, i.e., whether certain sales tax money could be spent on day to day necessities for civil defense/emergency preparedness. This court[3] found that the judgment at issue was a partial summary judgment under La.Code Civ.P. art. 1915(B) and denied the writ, finding "that the relators have an adequate remedy through ordinary appeal,

---

[3] Judge Cooks dissented, finding that the cross motions for summary judgment disposed of the only issue in the case.

either by obtaining a designation of the judgment as final for express reasons given by the trial court or by appealing after there has been a complete adjudication of all claims and the rights and liabilities of all parties in this action." *Id.*

The defendants then sought writs from the Louisiana Supreme Court, arguing that: (1) the case should be remanded to the Third Circuit for the writ to be converted to an appeal or (2) the writ should be granted with the issuance of "a leading opinion on the various nuances of the recent revisions to [La.Code Civ.P. art. 966]" so that the writ would be considered "like [a] true appeal[]." The Louisiana Supreme Court granted the writ; however, the case was remanded to the trial court "for a determination of whether or not this partial summary judgment is a final judgment. If it is certified as a final judgment, then it can be appealed, provided the appellate requirements are met. If this partial summary judgment is not designated as a final judgment, then there is an adequate remedy on appeal." *Terrell v. Town of LeCompte*, 18-1087 (La. 9/28/18), 253 So.3d 134, 135. This court interprets this last sentence to mean that there is an adequate remedy on appeal after the complete adjudication of the matter.

In the case sub judice, however, the ruling specifically states that the "judgment is not deemed a final appealable judgment[,]" such that there is no need to remand the matter for a determination as to or a designation of finality as required by *Terrell*, 253 So.3d 134.

The trial court is not required to certify a partial judgment as final. Whether to designate an otherwise partial judgment as final is left to the trial court and is reviewable by this court under the abuse of discretion standard via an application for supervisory writs. *See Miller v. Tassin*, 02-2383 (La.App. 4 Cir. 6/4/03), 849 So.2d 782. If no reasons for the certification as final are given, however, this court makes "a *de novo* determination of whether the certification was proper." *R.J. Messinger,*

6

*Inc. v. Rosenblum*, 04-1664, p. 14 (La. 3/2/05), 394 So.2d 113, 1122. In this case, the trial court did not make an express determination that it could not certify that there is no just reason for the delay for an immediate appeal but simply declared that the judgment was not a final judgment. That issue was not raised in the writ applications filed by Starr, Axis, and Scottsdale, and none of them raise it in response to the rule to show cause why the appeal should not be dismissed.

We find that the judgment at issue herein is an interlocutory judgment not subject to immediate appeal. La.Code Civ.P. art. 1915. Accordingly, we have no jurisdiction over it. La.Code Civ.P. art. 1915(B)(2). Additionally, we decline to convert this matter to an application for supervisory writs since Starr, Axis, and Scottsdale have already filed applications for supervisory writs with regard to this judgment, and this court has ruled on these writ applications. *Mullen*, 19-35, 19-50, and 19-52, (unpublished writ decision).

### DECREE

For the reasons given, this court lacks jurisdiction to consider the merits of this appeal because it was taken from a partial summary judgment under La.Code Civ.P. art. 1915(B) that the trial court specifically designated as not being a final judgment. This appeal is dismissed without prejudice. Costs are assessed to Starr, Axis, and Scottsdale in equal percentages.

**APPEALS DISMISSED WITHOUT PREJUDICE.**